# Richmond

## C. L. OLIVER, ET AL. v. ANNIE E. CASHIN, ET AL.

June 18, 1951.

Record No. 3782.

Present, Hudgins, C. J., and Eggleston, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*White, Ryan & Holland,* for the plaintiffs in error.

*Willcox, Cooke & Willcox* and *John J. Baecher,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

Oliver, the plaintiff, was injured when some steps at the entrance of a building owned by the defendants tilted over and caused him to fall. He sued the defendants as owners, but at the conclusion of his evidence the court struck it out and a verdict for defendants was returned on which the court entered the judgment appealed from. He asserts here that the court erred in refusing to admit certain evidence he offered and in sustaining the defendants' motion to strike.

Oliver was employed by a furniture store as collector, salesman, and investigator. At the time of his injury he was paying a business call on Cora Mullen, a customer of the store, in connection with some purchases she had made. She lived at 811 Bank street, in Norfolk, in property owned by the defendants, and leased by them to her.

Plaintiff had never been there before, but other agents of the store had been. Cora Mullen lived upstairs in this property, an old brick structure that had been there more than fifty years. Entrance to her apartment was gained through an outside door and an inside stairway. This outside door, which was in the brick wall at the corner of the building, was two feet above a dirt sidewalk. Below the sill of the door were two wooden steps for stepping up to the doorway. The bottom step was 10 inches

high, the top step was 6½ inches high and it was 7½ inches from the top step to the door sill. These two steps were nailed together, rested on the ground and against the building without being attached to either. These steps and this door led only to Cora Mullen's apartment and served no other. The plaintiff entered over these steps to call on the tenant without trouble and without noticing anything wrong with them. As he came out and stepped on the bottom step they tilted or turned over and he fell into the street, striking his knee against the curb.

The accident happened on October 15, 1949. Cora Mullen had lived in the premises since 1940 under a verbal lease, on a month-to-month basis, with no agreement by her landlords to make repairs, no warranty of the condition of the premises and no concealment of known defects. These same steps were there when she moved in, and had been there during the entire time of her tenancy.

The plaintiff's call on the tenant was on a matter of common interest, or mutual advantage, and hence he was an invitee or business guest of the tenant. *Pettyjohn & Sons* v. *Basham*, 126 Va. 72, 79, 100 S. E. 813, 815, 38 A. L. R. 391; *Davis Bakery* v. *Dozier*, 139 Va. 628, 637, 124 S. E. 411, 414.

The duties and liabilities of the landlord to the guests and invitees of the tenant, with respect to personal injuries, are ordinarily the same as those which the landlord owes to the tenant. They stand in the tenant's shoes. 52 C. J. S., Landlord and Tenant, § 418, p. 58; 32 Am. Jur., Landlord and Tenant, § 665, p. 529.

On the owner's surrender of control of the premises to his lessee, in the absence of any warranty of their condition or fraudulent concealment of known defects, or agreement to repair, he is not liable to the lessee or to his invitees for defects known to the lessee, or which he could have discovered by reasonable inspection, and the invitee stands in the shoes of the lessee with respect to his right to recover from the lessor. *Smith* v. *Wolsiefer*, 119 Va. 247, 252 ff., 89 S. E. 115, 117 ff.; *Caudill* v. *Gibson Fuel Co.*, 185 Va. 233, 240, 38 S. E. (2d) 465, 469; *Luedtke* v. *Phillips*, 190 Va. 207, 211, 56 S. E. (2d) 80, 82.

Plaintiff seeks to avoid the application of this established rule by invoking the principle stated in *Tugman* v. *Riverside, etc., Cotton Mills*, 144 Va. 473, 132 S. E. 179; *i. e.*, after possession has been delivered to the tenant, if the landlord enters to

make repairs, either voluntarily or by agreement, he must use reasonable care in making them. That case, it was said, was un-affected by the doctrine of landlord and tenant, but the liability of the defendant grew out of a positive act of negligence. This is a distinction that is recognized generally.[1] *Luedtke* v. *Phillips, supra,* 190 Va. at p. 212, 56 S. E. (2d) at p. 83; Anno., 150 A. L. R. at p. 1373.

Since the basis of such liability is negligence, there must be causal connection between the act of negligence and the injury. The landlord's negligent act must be the real cause of the injury. 32 Am. Jur., Landlord and Tenant, § 682, p. 551; Anno., 150 A. L. R. 1373, at p. 1380.

Here the act of the landlords was not the cause of the injury. The only evidence as to what they did came from the tenant. She testified that about a year and a half before this accident, after her repeated complaints, the rental agent of defendants sent a man up there who put up some back steps and patched some plaster. "He did not do anything to the front steps, so far as improving them two steps. I think he put a nail or two in the brick;" but it wasn't long before they wore loose, she said. "I moved them around like you do a book or a satchel, because they were just nailed to themselves. They were not fastened to anything." She had put the steps where they were at the time of the accident, propped up against the brick wall. "They would fall off, and I fixed it like that." "I knew it was going to fall," she said. At the time of the accident the steps were structurally the same as they were at the beginning of the tenancy. The tenant placed them where and as they were when the plaintiff fell. The act of the landlords had nothing to do with his fall.

Furthermore, to support his claim of liability on the ground that the steps constituted a nuisance, the plaintiff contends that a new term began for the tenant each month. *Burroughs* v. *Ben's Auto Park,* 27 Cal. (2d) 449, 164 P. (2d) 897, 899. If so, the so-called repairs were made before the beginning of the term during which the plaintiff was injured, and in that view the doctrine of the *Tugman Case* would not be applicable.

The plaintiff offered in evidence, and the court rejected, an ordinance of the city passed in 1923 purporting to establish a

---

[1] In Massachusetts a landlord making repairs gratuitously is liable only for gross negligence and then only to the tenant. *Diamond* v. *Simcovitz,* 310 Mass. 150, 37 N. E. (2d) 258.

new building line on Bank street, together with certain surveys and plats, designed to show that the new building line ran back of the front wall of the building and, therefore, the steps were on the sidewalk. Following this, the plaintiff argues, the public obtained a prescriptive right to the land between the curb and the building line which prevented the tenant from having exclusive control and possession of the steps and thus rendered the usual law of landlord and tenant inapplicable.

One answer to this contention is that there is no basis for it in the evidence. Also, the building was there when the ordinance was passed, and nothing in the ordinance indicates it was intended to apply to existing buildings. In any event, the ordinance could not divest the defendants of their title and there is nothing in the record to establish that it affected control or possession of the premises so as to change the rights and liabilities of the present parties. *Cf. Ziulkowski* v. *Kolodziej*, 119 Conn. 230, 175 A. 780, 96 A. L. R. 1065 and Anno. at p. 1068.

The plaintiff also offered in evidence, and the court rejected, these city ordinances: Section 366, providing that no porch, steps, etc., attached to any building or lot, shall be extended beyond the building line; and that any property owner who shall encroach upon the street line by building or otherwise shall be liable to a fine for every day after notice to have it removed; Section 182, providing that it shall be unlawful for the owner to permit any structure to exist which, by reason of fire, etc., "dilapidation or otherwise," has become dangerous to persons passing upon the streets, or to persons on private property, or to adjoining property; Sections 183-186, making it the duty of the building inspector to examine all structures reported to him to be dangerous, as described in section 182, and if it is, in his opinion, then the owner is to be summoned before the police justice who may require the owner to repair or remove the structure, and on failure to comply the owner shall be liable to a fine and certain costs of removal.

The plaintiff argues from these ordinances that whether the steps were on a public street or private property they were a nuisance, constituting a proximate cause of plaintiff's injuries for which defendants are liable.

It may be said generally that there is nothing in the evidence in this case to show that any of the procedures therein required have been taken so as to make these ordinances applicable

to these premises. Moreover, if it be assumed that the steps constituted a nuisance, public or private, so as to afford a cause of action on that ground, which is somewhat more than doubtful,[2] the defendant landlords are not for that reason liable to this plaintiff, an invitee.

"Although there is some authority to the contrary, the great weight of authority is to the effect that a landowner is not liable to a person on the demised premises in the right of the tenant for injuries caused by a defective condition of the demised premises on the theory that the condition is a ruinous condition or a nuisance." 32 Am. Jur., Landlord and Tenant, § 665, p. 531.

In *Harris* v. *Lewistown Trust Co.*, 326 Pa. 145, 191 A. 34, 110 A. L. R. 749, the action was by the tenant and his wife, who was also his employee, under a month-to-month lease, against the owners for injuries sustained by her from the collapse of a cellar stairway. The court said it had repeatedly held "that a tenant takes the property as he finds it, with all existing defects which he knows or can ascertain by reasonable inspection. This is so even though the premises are in a condition called ruinous." The doctrine of "condition amounting to a nuisance," the court held, does not apply as between landlord and tenant, or to persons on the premises in the tenant's right, but "is confined to third persons or strangers to the premises, those 'either the owners or occupants of near-by property, persons temporarily on such property, or persons on a neighbouring highway or other public place.'" (Quoting from 1 Tiffany, Landlord and Tenant, 674). 110 A. L. R. at p. 755. See other cases to the same effect cited in Annotation to that case, 110 A. L. R. at p. 756.

There are exceptions to this rule, particularly where the premises are let for public or semi-public purposes. See 52 C. J. S., Landlord and Tenant, § 422, p. 75; *Webel* v. *Yale University*, *supra*, 125 Conn. 515, 7 A. (2d) 215, 123 A. L. R. 863 and Anno. at p. 870; *Barrett* v. *Lake Ontario Beach Imp. Co.*, 174 N. Y. 310, 66 N. E. 968, 61 L. R. A. 829.

In *Smith* v. *Wolsiefer, supra*, 119 Va. at p. 254, 89 S. E. at p. 117, we said: "If the plaintiff in error had been a stranger, as contra-distinguished from an invitee or member of the lessee's family, his rights would have been different."

---

[2] See *Price* v. *Travis*, 149 Va. 536, 140 S. E. 644, 56 A. L. R. 209; *Prior* v. *White*, 132 Fla. 1, 180 So. 347, 116 A. L. R. 1176 at p. 1187; *Webel* v. *Yale University*, 125 Conn. 515, 7 A. (2d) 215, 123 A. L. R. 863 at p. 869; 39 Am. Jur., Nuisances, §§ 8, 9.

Neither these ordinances nor section 8-652 of the Code of 1950 enlarged the common law duty of the defendants to their tenant or her invitee. *Johnson* v. *Carter,* 218 Iowa 587, 255 N. W. 864, 93 A. L. R. 774 and Anno. at p. 778; *Chambers* v. *Lowe,* 117 Conn. 624, 169 A. 912; *Wyatt* v. *Chesapeake, etc., Tel. Co.,* 158 Va. 470, 477, 163 S. E. 370, 372, 82 A. L. R. 386.

There is no reversible error in the rulings of the trial court and its judgment is

*Affirmed.*