# Richmond

## Joseph P. Gayle v. Vernell Hazelwood, an Infant, Who Sues by John Hazelwood, His Father and Next Friend.

January 17, 1955.

Record No. 4295.

Present, Hudgins, C.J., and Eggleston, Spratley, Buchanan, Miller and Smith, JJ.

The opinion states the case.

*F. Lee Ford* and *Leith S. Bremner*, for the plaintiff in error.

*Jones, Blechman, Woltz & Kelly*, for the defendant in error.

HUDGINS, C.J., delivered the opinion of the court.

This writ of error brings under review a verdict and a judgment entered thereon for $15,000 awarded Vernell Hazelwood, a four year old negro boy, for personal injuries alleged to have been caused by the negligence of Joseph P. Gayle, the named defendant in the trial court.

The facts stated from plaintiff's point of view are substantially as follows: The infant lived with his parents on the first floor of an apartment building at 328 27th Street, Newport News. On December 4, 1952, he went to visit his aunt, Geneva Brown, who lived in a furnished apartment on the third floor of the same building. While the boy, with several others, was in a room in his aunt's apartment a laundry stove exploded, scattering hot ashes, lumps of hot coal and other burning debris about the room and on the plaintiff, who sustained first and second degree burns on the face, neck and eyes, seriously and permanently impairing his vision.

Defendant's first contention is that the judgment cannot stand because the evidence does not establish the relationship of landlord and tenant between the defendant and Geneva Brown. Indeed, he argues that Geneva Brown without his knowledge or consent surreptitiously and fraudulently obtained possession of and occupied the premises.

There is no evidence to support this contention. It is based on a statement made by Geneva Brown to the effect that one John Patterson, her step-brother, rented the apartment for her because, as she said, "I didn't understand that a woman could rent an apartment—a widow woman". She did not state, nor was she asked, why she believed that a widow could not rent the apartment. The uncontradicted testimony is that Geneva Brown had been paying the rent on the apartment from April, 1952, up until the date of the explosion. These payments were made every week or every

two weeks and accepted by the defendant or his son at their place of business. In addition, defendant on Geneva Brown's request had had repairs made to the apartment. This evidence, which is not contradicted, modified or explained, is sufficient to establish the relationship of landlord and tenant or lessor and lessee between the parties.

■ Defendant's next contention is that the plaintiff's right to recover as an invitee was barred because of the negligence or the contributory negligence of Geneva Brown, the tenant. There is no merit in this contention. Assuming, but not deciding, that the contributory negligence of the tenant would bar a recovery by tenant's invitee, the evidence here fails to show that the tenant was guilty of contributory negligence. The evidence on the question is substantially as follows:

The heater furnished by the landlord in the room at the time Geneva Brown moved in was not in good condition and was, in fact, unusable. She said nothing to the defendant about it until the weather began to turn cold in the fall of 1952, when she asked the defendant to install another heater. He promised to do so. A few days after her last request, the same man, Charles Wharton, whom she had seen working around the defendant's place of business and who had repaired the broken lights in the windows to the apartment, brought the laundry heater in question into the apartment, but on that day he did not put in the stove pipes. He returned a few days later, connected the heater with the chimney and made a fire in the heater. He stayed in the room long enough to see that the fire was burning and that the stove was heating. Thereupon, he assured Geneva Brown that the heater was in good condition and was working satisfactorily. A few minutes after he left the room the heater exploded with the result heretofore stated.

The laundry heater is described as having had a water jacket and a fire pot welded in one piece, with a metal partition between. There were two holes in the water jacket, one for the inlet of cold water and the other for the outlet of hot water. The heater was designed to be used

for heating water, in which event it had to be connected with the water system, or it could be used solely for the purpose of heating the room, in which case it was necessary to remove the plugs from the two holes in the water jacket to prevent an explosion. The hot water jacket was not connected with a water system, nor were the two holes for the circulation of the water therein open.

The only reasonable inference to be drawn from the testimony for the plaintiff is that the defendant's employee or agent was negligent in installing the stove and building a hot fire in the fire box without removing the plugs from the holes in the water jacket. As a result of this negligence the accumulated pressure in the water jacket from the heat in the fire box caused the explosion. There is no evidence tending to show that Geneva Brown took any part in building the fire in the stove or put additional fuel thereon before the explosion. Indeed, she left the room about the same time as defendant's employee.

She relied and had a right to rely upon the assurance of Charles Wharton, acting for the defendant, that the stove was in good condition and working satisfactorily. There is not a scintilla of evidence tending to show that Geneva Brown was negligent in any particular. Since the defendant concedes that the rights of an invitee of a tenant to recover compensation resulting from a negligent act of the landlord are the same as the rights of a tenant, there is no need for further discussion of this question.

Defendant raised no objection to the instructions or to the quantum of damages awarded. The record from plaintiffs' point of view presents a simple case in which he as an invitee sustained serious and permanent injuries resulting from the negligence of the landlord in installing a laundry heater, which under the terms of the oral lease it was his duty to furnish. The judgment is affirmed.

*Affirmed.*