## CIRCUIT COURT OF THE CITY OF RICHMOND

Felicia Mabry, an infant

v.

Herman Beckstoffer
and Ella Beckstoffer

September 18, 1987

Case No. LL-616-3

By JUDGE T. J. MARKOW

This matter is before the court after consideration of the arguments on the demurrer. Plaintiff, an infant suing by her next friend, claims that she was injured by the ingestion of lead paint chips from a building leased by the defendants to plaintiff's babysitter. Defendants' claim that no cause of action is stated, as plaintiff is not a member of the class of persons the city ordinance governing use of lead based paint is designed to protect.

On demurrer, all facts well pleaded must be taken as true. In Count I, plaintiff alleges that defendants violated city ordinances prohibiting the use of lead paints and of maintaining a premises in which lead paint was chipped, blistered, peeling or cracked. Further, she says that violation of these ordinances proximately caused her injuries.

I am of the opinion that the plaintiff is clearly within the class of persons sought to be protected by the following ordinances. Chapter 15, Article IV, §§ 15-66, 15-67, 15-68, 15-69, 15-70, 15-71 and 15-72 of the Code of the City of Richmond, 1985. A review of the sections

reveals an intent to protect children under the age of six years. *See* § 15-67(a)(2). The court has not been made aware of any authority to support defendants' proposition that such ordinances establish no duties of landlords to invitees of tenants. If plaintiff can prove that the defendants violated the ordinances and that this was the proximate cause of the plaintiff's injuries, she would have made out a cause of action.

The court is not saying that these landlords are the responsible parties under the facts alleged; it simply says that the plaintiff may try to prove that they were. I hold for decision on another day whether the lease insulated the landlords from responsibility under the ordinances.

Defendants suggest that Count I is dependent upon the Residential Landlord and Tenant Act, Va. Code Sections 55-248.2 through 55-248.40 (1986 Replacement Volume) being construed as imposing duties upon landlords to invitees of tenants. That issue does not have to be addressed. The city ordinances in question, if violated, may impose such duties as to this limited class of persons.

In Count II, plaintiff alleges that the defendant "knew or should have known" of the existence of the lead paint and should have warned the tenant as lead based paint was a latent defect in the premises. I make no holding, as it was not raised by counsel whether such paint can be considered a defect; but, accepting as true (as I must on demurrer) that the landlord knew of the existence of a dangerous condition, a cause of action has been stated. A landlord has a common law duty to warn tenants of known latent defects. Invitees step into the shoes of tenants and have the same cause of action for injuries as the tenant has against the landlord. *Oliver v. Cashin*, 192 Va. 540, 65 S.E.2d 571 (1951); *Appalachian Power Co. v. Sanders*, 232 Va. 189, 349 S.E.2d 101 (1986). There is no cause of action based on what a landlord "should have known." *See Appalachian Power Co. v. Sanders, supra.* Actual knowledge by the landlord of the latent defect is essential. The demurrer will be sustained insofar as plaintiff relies upon what the defendants "should have known" to support her claim against them.

Finally, plaintiff claims in Count III that defendants had a duty to inspect the premises, to have discovered the cracked, chipped, blistered and peeling lead paint,

and failing to do this constituted a negligent leasing of the premises which was the proximate cause of the plaintiff's injuries. The court is unaware of any authority supporting this theory of recovery. Count III does not state a cause of action.

An order will be entered overruling the demurrer as to Count I and partially as to Count II and sustaining as to Count II insofar as it is based upon the allegation that landlords "should have known" of the lead paint, and sustaining as to Count III.