## CIRCUIT COURT OF FAIRFAX COUNTY

Michael Dupree

    v.

Buckman Gardens
Limited Partnership et al.

September 17, 1991

Case No. (Law) 101983

By JUDGE THOMAS A. FORTKORT

This case is before the Court on the defendants' Demurrer to the plaintiff's Amended Motion for Judgment. After hearing oral argument, the Court took the matter under advisement. For the reasons set forth below, the defendants' Demurrer is sustained.

As provided in the Amended Motion for Judgment, the facts in this case are straightforward. At approximately 8:30 p.m. on December 29, 1988, the plaintiff Michael Dupree, in his capacity as a Pizza Hut delivery person, was invited to deliver a pizza to one of the tenants residing in the Buckman Road Apartments located at 3426 Buckman Road, Alexandria, Virginia. On that date, the Buckman Road Apartments were owned by the defendant Buckman Gardens Limited Partnership, whose general partner is defendant Clarence W. Gosnell, Jr., and whose limited partners are defendants John G. Gosnell and Charles J. Hartnett.

At the time the plaintiff delivered the pizza to the premises owned by the defendant, the plaintiff was robbed of his money and valuables, assaulted, and battered in the hall by persons later identified as Derrick R. Gilliam and Josephus Brown. Although the plaintiff offered no resistance to the attack, he was shot by one of the rob-

bers. The bullet struck the plaintiff's spinal cord and rendered him quadriplegic.

The immediate issue before the Court regarding the Demurrer is whether the defendant/landlord had a duty to protect the plaintiff from criminal acts of third parties. The answer to this question depends upon the plaintiff's legal status in visiting the property and past Virginia decisions concerning landlord liability.

The plaintiff's legal status must be determined to evaluate the corresponding duty of the landlord. Virginia cases based upon landlords' ordinary negligence provide information to establish the status of this plaintiff in this case.

### Duty of the invitor to invitee

Prior Virginia decisions indicate that in actions based upon a property owner's negligent failure to repair and maintain safe premises, the legal status of a delivery person invited by an owner to the owner's property is that of a business invitee. *Southern States Grain Marketing Coop. v. Garber*, 205 Va. 757, 139 S.E.2d 793 (1965); *see also City of Richmond v. Grizzard*, 205 Va. 298, 136 S.E.2d 827 (1964). The owner of property owes a two-fold duty to the invitee: a duty of ordinary care to have the premises in reasonably safe condition for use consistent with the invitation and a duty to warn the invitee of any unsafe condition that is known or should be known by the owner, unless that unsafe condition would be considered open and obvious to a reasonable person. *Fobbs v. Webb Bldg. Ltd. Partnership*, 232 Va. 227, 349 S.E.2d 355 (1986).

### Duty of the landlord to tenant

A recent Virginia decision indicates that a landlord owes the same duty of reasonable care to a tenant that an invitor owes to an invitee. *Wright v. Webb*, 234 Va. 527, 362 S.E.2d 919 (1987).

### Duty of landlord to tenant's invitee

In the present case, the plaintiff was not invited to the premises by the defendant/landlord but by a tenant.

In ordinary negligence cases, an invitee of a tenant stands in the tenant's shoes and the duties of a landlord are the same as to the tenant and the tenant's invitee. *Gayle v. Hazelwood,* 196 Va. 674, 85 S.E.2d 243 (1955); *Oliver v. Cashin,* 192 Va. 540, 65 S.E.2d 571 (1951). Thus a landlord owes a duty of reasonable care to a tenant's invitee identical to his duty to the tenant; and thus under *Wright v. Webb, supra,* the duty of a landlord to a tenant's invitee is identical to the duty of an invitor to an invitee.

The present case, however, is based upon the criminal actions of third parties rather than upon the ordinary negligence of a landlord in failing to repair and maintain property. Two past Virginia decisions indicate that a landlord generally has no liability to a tenant for such criminal conduct. In *Gulf Reston, Inc. v. Rogers,* 215 Va. 155, 207 S.E.2d 841 (1974), the Virginia Supreme Court adopted the view expressed in the Second Restatement of Torts, section 315, finding that a person has no obligation to control the conduct of another unless a special relationship exists between that person and the victim of the conduct. Restatement sections 314(a) and 320 offer as examples of the special relationship that of carrier-passenger, business invitor-invitee, and innkeeper-guest. Although in ordinary negligence cases the duties of landlord to tenant and invitor to invitee are identical in requiring reasonable care, *see Wright v. Webb, supra,* the Virginia Supreme Court in adopting the Restatement view recognizes a special relationship and corresponding duty in the case of an invitor-invitee but not in the case of a landlord-tenant. In the present case, the plaintiff attained the legal status of tenant, rather than that of landlord's invitee, because the plaintiff was invited to the premises by the tenant.

Before deciding that no special relationship existed between the landlord and tenant in *Gulf Reston,* however, the Court considered two cases from other jurisdictions which would impose a duty upon a landlord to provide adequate protection for a tenant within areas used in common by all tenants. *See Kline v. 1500 Mass. Ave. Apt. Corp.,* 141 App. D.C. 370, 439 F.2d 477 (1970); *Johnston v. Harris,* 387 Mich. 569, 198 N.W.2d 409 (1972). While these cases were not controlling in Virginia, the Court did mention specifically the factual differences between them and *Gulf Reston*: in the cases in the foreign jurisdictions in

which the landlord's duty was recognized, "the apartment buildings were located in areas where frequent robberies and rapes were committed, and such occurrences in their apartment buildings were known to the landlords." 215 Va. at 159. The Court then noted that in its present case, harm to the plaintiff was not foreseeable because earlier acts by trespassers had caused only insignificant harm to tenants.

While the Court in *Gulf Reston* appears to have left open some opportunity for imposing the duty of protection on landlords if proof of frequent crime and of notice to the landlord is established, the Court in a more recent case, *Klingbeil Management Group Co. v. Vito*, 233 Va. 445, 357 S.E.2d 200 (1987), concluded, without discussing either crime frequency or notice to the landlord, that no special relationship exists between the landlord and tenant to give rise to the landlord's duty to provide protection. Thus while *Gulf Reston* addresses the reasoning of foreign courts in imposing liability on landlords if specific criteria are satisfied, the Virginia Supreme Court does not appear to have adopted these criteria as a test triggering the special relationship necessary to impose liability.

The plaintiff in a novel argument avers that the subject property is located in a census tract that has double the national average of crime frequency. The plaintiff suggests that limited discovery should be allowed to develop the criteria apparently used by foreign courts and referred to in *Gulf Reston*, i.e., knowledge of the owners as to frequency of crime on the property. The resolution of this issue in favor of the owners would bring the case to conclusion. On the other hand, if the landlord has knowledge and/or notice of violent crime on the property, then the exceptions to the general rule may be applicable. Even in that event there is no certainty that the Virginia Supreme Court will adopt a position creating a special relationship between landlord and tenant based upon the landlord's knowledge of violent crime on the property. Thus, we conclude that no useful purpose would be served by allowing discovery to uncover a theory of recovery which this Court believes the Supreme Court of Virginia has not adopted nor is likely to adopt. The defendants are entitled to stand on their Demurrer as to this Court's opinion of existing law. To allow discovery simply creates

expense and uncertainty for the parties who are entitled to a clear decision by the trial court. As stated in the opening paragraph, the Demurrer is sustained.