# CIRCUIT COURT OF ROCKINGHAM COUNTY

Earl B. Oden

v.

Burton Conway
and Betty Conway

August 13, 1998

Case No. (Law) 10876

BY JUDGE JOHN J. MCGRATH, JR.

This case, which has a rather tortured procedural history, is now before the Court for decision on the Defendant's Motion for Summary Judgment. The gravemen of the Plaintiff's claim is that he was an invitee of a tenant who rented a single-family residence from the Defendants, and while visiting the premises, the Plaintiff fell through a floorboard on the porch and suffered various personal injuries.

The basis for the Defendant's Motion for Summary Judgment at this juncture is two-fold. First, the Defendant argues that in response to the Amended Motion for Judgment, it filed a pleading asserting the affirmative defenses of contributory negligence and assumption of the risk and specifically requested that the Plaintiff file a reply thereto. No reply was filed by the Plaintiff, and the Defendants claim that pursuant to Rule 3:12 of the Rules of the Supreme Court of Virginia, the averments contained in the affirmative defensive pleading are taken as admitted. Therefore, the Defendants claim that the affirmative defenses of contributory negligence and assumption of the risk have been judicially admitted, and therefore, there are no factual issues remaining in the case and the Plaintiff is barred from recovery.

Secondly, and in the alternative, the Defendants argue that they are entitled to summary judgment because the only remaining cause of action asserted against them in the Amended Motion for Judgment is a claim by the

Plaintiff that the Defendants had entered into an oral contract with the tenant agreeing to fix the porch of the demised premises, and because defendants had failed to perform such repairs, they were in breach of contract with the tenant. The Plaintiff's claims against the landlord are, according to the Defendants, merely claims as a third party beneficiary of the contract to perform repairs and that Virginia does not recognize such an action.

## *Procedural Background*

The original Motion for Judgment in this case simply alleged that the Defendants were liable to the Plaintiff because they owed a duty to their tenant and to the tenant's invitees to perform reasonable inspection upon the rented premises and to make necessary repairs for the welfare of the tenant and the tenant's invitees. An initial Demurrer to this Motion for Judgment was sustained on the grounds that under the common law of Virginia there is no obligation on the part of the landlord to make repairs to property which has been leased to a tenant. See, e.g., *Oliver v. Cashin*, 192 Va. 540 (1951).

Leave was granted to the Plaintiff to file an Amended Motion for Judgment stating a valid cause of action if he could do so, within twenty-one days. The Plaintiff filed an Amended Motion for Judgment in which he asserted that the Defendants had entered into a contract with the tenants agreeing to inspect and repair the porch and asserting that the Plaintiff was a third-party beneficiary of the contractual arrangement between the Defendants and the tenant. On May 23, 1997, the Defendants again filed a Demurrer to the Amended Motion for Judgment arguing, *inter alia*, that the Plaintiff had not alleged or shown that he was an intended beneficiary under any contractual agreement between the Defendants and the tenant for the repair of the porch and, therefore, could not maintain an action as a third-party beneficiary on the contract. The Court overruled Defendants' Demurrer on August 8, 1997, and ordered the Defendants to file their responsive pleadings.

## *The Rule 3:12 Issue*

Defendants in their brief strenuously pressed the argument that because the Motion for Judgment did not make any reference to the fact that the Plaintiff was free of negligence or did not assume the risk, that when they filed their responsive pleading asserting as affirmative defenses the Plaintiff's contributory negligence and assumption of the risk, they had raised a "new matter" and because in compliance with Rule 3:12 they had expressly requested a reply to these affirmative defenses, that the Plaintiff was under an

affirmative obligation to file a responsive pleading either admitting or denying the averments contained in the affirmative defenses.

Although neither the Defendants nor the Plaintiff cite to any Virginia precedent on whether a simple plea of contributory negligence and assumption of the risk is a plea which raises "new matter," and therefore, a plea for which the Plaintiff may be compelled under Rule 3:12 to file a denial or to have the Court consider the matters judicially admitted, they do cite to precedent from other jurisdictions, some of which supports the Defendants' position. Although the Defendants filed an excellent Memorandum of Law in support of its motion on this point, given the absence of Virginia precedent on the matter and the fact that all of the parties have been on clear notice of precisely the nature of Plaintiff's claim, the Court determines it appropriate to grant the Plaintiff's Motion to File a Late Pleading specifically denying the affirmative defenses of contributory negligence and assumption of the risk. Given the Court's ruling on this point, it need not consider the broader issues raised by the Defendants on this point.

### *Third-Party Beneficiary Claim*

In its ruling on the first Demurrer, this Court sustained the Defendants' Demurrer concerning the initial claim that the Defendants' landlords owed a duty of inspection and repair to the tenant. The Court adopted the language found in *Oliver v. Cashin*, 192 Va. 540 (1951), which held that:

> On the owner's surrender of control of the premises to his lessee, in the absence of any warranty of their condition or fraudulent concealment of known defects, *or agreement to repair,* he is not liable to the lessee or his invitees for defects known to the lessee or which he could have discovered by reasonable inspection and the invitee stands in the shoes of the lessee with respect to his right to recover from the lessor.

*Id.* at 543 (emphasis added).

In order to avail himself of the exceptions stated in *Oliver v. Cashin, supra*, the Plaintiff, in the Amended Motion for Judgment, has alleged that he was a third-party beneficiary of an oral agreement that had been entered into prior to the date of injury in which the landlord had allegedly assumed the obligation of making repairs to the porch, which was the site of the injury.

Defendants vigorously assert that the law in Virginia is clear that an invitee cannot rise above the status of the tenant or lessee and that tenants and

lessees cannot recover for personal injuries received as a result of a failure of the landlord to perform repairs even when the landlord had agreed or entered into a contractual obligation to make such repairs.

Three cases decided during the period of 1946 to 1951 pretty well set forth the law on this point. In *Caudill v. Gibson Fuel Co.*, 185 Va. 233 (1946), the plaintiff was the wife of a tenant who had leased a duplex from his employer. The allegations in the case were that the defendant/landlord had agreed to make repairs to the house in which plaintiff lived prior to the time the plaintiff's wife sustained a serious injury by falling through a hole in the porch floor. The trial court struck the plaintiff's evidence at the conclusion of her case, and in affirming the lower court, the Supreme Court stated:

> Under the circumstances here, we must determine whether the breach of a landlord's agreement to repair imposes upon him liability in tort for personal injuries to his tenant or one in privity with the tenant.
>
> This question has often been decided by the courts of this country. Where the right of possession and enjoyment of the leased premises passes to the lessee, the cases are practically agreed that, in the absence of concealment or fraud by the *landlord* as to some defect in the premises, known to him and unknown to the tenant, the tenant takes the premises in whatever condition they may be in, thus assuming all risk of personal injury from defects therein. An agreement by the landlord to repair does not affect the rule, so far as concerns the landlord's liability for personal injuries, due to defects in the premises leased for a private purpose, although the existence of the defect is attributable to the failure to repair. Annotations 8 A.L.R. 765; 68 A.L.R. 1195; 32 Am. Jur., *Landlord and Tenant*, section 23.
>
> Accordingly, citing a large number of cases adhering to the general rule, Mr. Justice Hudgins, in *Newman v. Early*, 176 Va. 263, 265, 10 S.E.2d 885 (1940), said "A majority of the courts hold that the failure of the landlord to fulfill his promise to repair property in possession and control of the tenant does not impose upon him any liability in tort."
>
> At common law, which obtains in this jurisdiction, a lessor is under no implied covenant to repair or keep in repair the demised premises. Accordingly, it is said in Shearman and Redfield, on Negligence, Revised Edition, section 784 "Under the common law, as a general rule, the landlord does not engage his liability to the tenant or to anyone else when he lets a building, or a portion of it, in a

patently defective condition. The tenant takes the premises as they are, and his invitees take the risks of the situation."

*Id.* at 239-40.

After the Supreme Court's decision in *Caudill,* the virtually identical issue was raised before the Court in *Oliver v. Cashin,* 192 Va. 540 (1951). In *Oliver v. Cashin,* the Supreme Court held that an invitee of the tenant could not recover for an injury received on a defective stairway, and so holding, the Court stated the applicable law as follows:

> On the owner's surrender of control of the premise to his lessee, in the absence of any warranty of their condition or fraudulent concealment of known defect or agreement to repair, he is not liable to the lessee or to his invitee for defects known to the lessee or which he could have discovered by reasonable inspection, and the invitee stands in the shoes of the lessee with respect to his right to recover from the lessor.

*Id.* at 543.

Similarly, a tenant who sued the landlord for injuries received as a result of an allegedly defectively installed cabinet in her leased apartment was held not to state a cause of action. In so holding, the Supreme Court stated:

> It was further held in that case [*Caudill*] that a lessor is under no implied covenant to repair or keep in repair the demised premises; and it was stated that a majority of the courts hold that the failure of the landlord to keep his promise to repair property in possession or control of the tenant does not impose upon him liability in tort.

*Id.* at 211.

In a similar case involving a fall through a defective porch, the Supreme Court in *Paytan v. Roland,* 208 Va. 24 (1967), held that a landlord is not liable for injuries to an invitee even if the landlord had undertaken an agreement to repair the alleged defect. In so holding, the Court in *Paytan* stated:

> In the proceeding discussion of duty, we have not considered any duty imposed upon Roland [the defendant] by virtue of his agreement to replace the existing back porch with a concrete porch. Such contractual duty has no bearing on the outcome of this case because a landlord cannot be liable in tort for injuries to a tenant that result

from breach of an agreement to repair. *Caudill v. Gibson Fuel Co.*, 185 Va. 233 (1946).

*Id.* at 27.

From these cases, Plaintiff attempts to erect an argument that having alleged a contractual undertaking by the landlord to repair the porch and having alleged that the Plaintiff is a third-party beneficiary of that contract that the Plaintiff has articulated a "duty" that the landlord owed to him sounding in tort to repair the premises or to suffer liability for personal injuries occurring thereon. Although some courts have recognized this as a general principle (see *Jacob v. Karls*, 178 Wis. 2d 268, 504 N.W.2d 353 (1993), App., there is no indication that this is the law of Virginia.

The general principle that the landlord is not liable for personal injuries arising out of a breach of a contract to repair is set forth in 49 Am. Jur. 2d, § 574. Therein, the general rule is stated as follows:

An agreement by a landlord to make certain repairs is valid and binding on the parties to the lease unless it is unenforceable, all or in part, because it is unconscionable or significantly against public policy. A lessor may be liable contractually to the lessee for damages for breach of a lease provision requiring the lessor to maintain portions of the leased premises. However, the tenant rather than the landlord is generally liable for personal injuries caused by the landlord's failure to keep the premises in repair, despite the fact that the landlord has expressly covenanted with the tenant to keep the leased premises in repair.

In fact, the Supreme Court of Virginia, in *Caudill v. Gibson Fuel Co.*, *supra*, addressed this issue and cited with approval the following statement from Tiffany on *Landlord and Tenant*, vol. 1, at p. 592:

A question of difficulty has arisen in connection with a landlord's covenant to repair, as to whether the tenant can recover, as against the landlord, for an injury to his person, or to his property on the premises, which would not have occurred had the landlord complied with his covenant. Such injuries resulting not directly from a breach of the contract, but from physical conditions existing apart from the contract, which the contract merely undertook to eliminate, cannot well be regarded as a proximate result of the breach of the contract, within the contemplation of the parties at the time of the making

thereof. To allow a recovery for such injuries is to allow a recovery as for tort on account of a breach of contract. As has been remarked, there is no more reason for allowing such a recovery against a landlord than against any other person, a carpenter or contractor, for instance, who fails to carry out his contract to repair the premises.

*Id.* at 241.

In short, whether it be a settled principle of the common law governing the lease of real property or whether it be from recognition that the tenant cannot meet the stringent requirements of pleading and proof required to prove that personal injuries to an invitee are foreseeable and hence consequential damages under a contract claim, or whether it is that the plaintiffs in these cases cannot meet the difficult burden of establishing their status as third-party beneficiaries, it appears clear that the common law of Virginia does not permit an invitee of a tenant to recover against the landlord in situations such as this.

This is not to say that the Plaintiff does not have an action against the tenant who, under the law, had the responsibility of maintaining the premises. The success of such an action, however, is not an issue in this case. See *Schurman v. American Stores Co.*, 145 F.2d 721 (4th Cir. 1994).

For the foregoing reason, the Court concludes that the Plaintiff cannot and has not stated a viable claim against the Defendants/Landlords, and therefore, and upon mature reflection reconsiders its decision on the Demurrer filed to the Amended Motion for Judgment and hereby sustains the Demurrer. The parties shall have ten days to file written objections to this Order.

The Clerk is directed to send attested copies of this Opinion and Order to Roland S. Carlton, Esq., counsel of record for the Plaintiff, and to Donald D. Litten, Esq., counsel of record for the Defendants.