**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1820**

---

CHERYL METZ,

       Plaintiff - Appellant,

   v.

LAURIE MCCARTHY,

       Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:24-cv-00723-CMH-WEF)

---

Argued:  October 24, 2025                  Decided:  February 25, 2026

---

Before NIEMEYER, GREGORY, and BERNER, Circuit Judges.

---

Affirmed by published opinion.  Judge Niemeyer wrote the opinion, in which Judge Gregory and Judge Berner joined.

---

**ARGUED:**  Philip Corliss Krone, COOK CRAIG & FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellant.  Edward Paul Trivette, KALBAUGH, PFUND & MESSERSMITH, P.C., Fairfax, Virginia, for Appellees.  **ON BRIEF:**  Alexander Francuzenko, COOK CRAIG & FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellant.  Rachel S. Feinstein, KALBAUGH, PFUND & MESSERSMITH, P.C., Fairfax, Virginia, for Appellee.

NIEMEYER, Circuit Judge:

Cheryl Metz and her adult son Dennis Metz rented a residential house in Arlington, Virginia, from Laurie McCarthy for a term of 12 months. During that term, water appeared to leak through a skylight in the sunroom. After McCarthy was so notified, she and a contractor inspected the skylight and confirmed that it was leaking. But thereafter McCarthy did nothing to effect a repair.

Several months later, after it had snowed and rained, Cheryl Metz slipped on water that had accumulated under the skylight, suffering serious injuries. She commenced this action against McCarthy in Virginia state court, alleging a breach of contract claim in Count I and a common-law negligence claim in Count II.

After McCarthy removed the case to federal court, invoking diversity jurisdiction under 28 U.S.C. § 1332, the district court granted McCarthy's motion to dismiss the complaint as to the negligence claim and denied it as to the breach of contract claim. In order to create a final judgment and appeal it, Metz, with the agreement of McCarthy, stipulated to "the voluntary dismissal" of the breach of contract claim, and Metz then filed a notice of appeal from the district court's order dismissing the negligence claim.

The voluntary dismissal of the breach of contract claim raised a question of our jurisdiction under *Jones v. U.S. Merit Systems Protection Board*, 103 F.4th 984, 992–96 (4th Cir. 2024), and we requested supplemental briefing. After assuring ourselves that we have jurisdiction, we affirm the district court's order dismissing the negligence claim.

2

I

Cheryl Metz and Dennis Metz signed their 12-month lease with McCarthy on February 9, 2021. In March, Dennis Metz informed McCarthy, as Cheryl Metz's complaint alleged, "that there was an issue with the skylight in the sunroom . . . specifically, that there appeared to be a leak." According to the complaint, some three months later, in late June 2021, McCarthy, together with a contractor, inspected the skylight, and the contractor confirmed that it was leaking. Thereafter, however, McCarthy did nothing to effect repairs, despite Dennis Metz's efforts to have McCarthy "follow up."

On January 9, 2022, after it had snowed and rained for several days, Cheryl Metz slipped on "an accumulation of water that had come from the leak in the Skylight" and sustained injuries to her head, back, hips, and shoulder. She sustained a concussion and required physical therapy with respect to her other injuries.

Cheryl Metz commenced this action against McCarthy in Virginia state court in two counts. In Count I, she alleged that McCarthy had breached the lease contract "by failing to finish the repairs to the Skylight and by failing to take any other actions to prevent the risks of injury associated with the dangers of the leaking Skylight," in violation of the Virginia Residential Landlord Tenant Act. In Count II, she alleged that McCarthy was negligent in undertaking to complete repairs to the skylight but failing to complete them safely. In particular, she alleged that McCarthy had failed to "take any intermediate actions [to make the residence safe] before the completion of repairs, such as tarping the roof, restricting the area, or taking any action to eliminate or minimize any type of safety risks that could be associated with the leaking Skylight."

McCarthy filed a demurrer to the complaint (the state court procedural equivalent of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)) and then removed the case to federal court, invoking diversity jurisdiction under 28 U.S.C. § 1332.  Treating the demurrer as a Rule 12(b)(6) motion, the district court held that Metz's complaint failed to state a claim for negligence under Virginia law and therefore dismissed Count II.  The court explained that, "where a landlord enters leased premises, after delivering possession to the tenant, for the purpose of making repairs, he must use reasonable care in performing the work."  (Quoting *Oden v. S. Norfolk Redev. & Hous. Auth.*, 125 S.E.2d 843, 845 (Va. 1962)).  It held that Metz's complaint failed to state a claim because it "provide[d] no allegations that [McCarthy] or the contractor had any intention to repair the skylight when they entered in the property in June 2021[,] [n]or are there any allegations that [McCarthy] or the contractor took positive acts to begin repairing the skylight while on the premises." The court concluded that because McCarthy had not undertaken to effect repairs so as to give rise to a claim for negligent repair, Metz could not recover, noting that there is no tort for a negligent inspection.  As to the breach of contract claim alleged in Count I, however, the court denied the motion to dismiss, concluding that the complaint appeared to have stated a claim.

Following the district court's ruling, Metz and McCarthy stipulated to "the voluntary dismissal" of the breach of contract claim in Count I, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Metz then filed an appeal from the district court's order dismissing her negligence claim.

Because the voluntary dismissal of the breach of contract claim in Count I did not indicate whether it was with or without prejudice and therefore had to be taken to be without prejudice, *see* Fed. R. Civ. P. 41(a)(1)(B) (noting that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice"), we requested that the parties file supplemental briefs on whether we had jurisdiction on appeal, referring the parties to *Jones*.   While McCarthy argued in her supplemental brief that we lacked jurisdiction, Metz took the opposite position, relying on the representation in her supplemental brief "that she has abandoned the breach of contract claim, with no intent in resurrecting it, for purposes of litigating only her negligence claim."

II

We begin, as we must, by assuring ourselves that we have jurisdiction on appeal.  In its dismissal order, the district court dismissed the negligence claim in Count II but did not dismiss the breach of contract claim in Count I.  Without more, the dismissal order therefore was not a final appealable order as required by 28 U.S.C. § 1291.  *See Kiviti v. Bhatt*, 80 F.4th 520, 530 (4th Cir. 2023) ("[A]n order dismissing only one claim in a multi-claim adversary proceeding does not amount to a final order").  A final appealable order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Jones*, 103 F.4th at 992 (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

Recognizing this, and to enable her appeal, Metz filed a stipulation of voluntary dismissal with respect to the breach of contract claim in Count I, thereby intending to

5

proceed with only her negligence claim, which the district court had dismissed. The stipulation stated:

> Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), all parties stipulate to the voluntary dismissal of Plaintiff Cheryl Metz's remaining Count I of the Complaint (Breach of Contract), in this matter against Defendant Laurie McCarthy.

But this effort was inadequate to make the district court's order final and appealable, and an appellate court would therefore have no jurisdiction. This is because the stipulation Metz filed did not state whether the dismissal was with or without prejudice, and, in the absence of that indication, the stipulation had to be taken to be without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B) (providing that "[u]nless the notice of stipulation states otherwise, the dismissal is without prejudice"). Further, a stipulation of dismissal of a claim *without prejudice* does not finally remove that claim from further consideration. For example, were Metz to lose her appeal on the negligence claim, she could potentially refile the breach of contract claim that was dismissed without prejudice. *See Kiviti*, 80 F.4th at 530 (noting that voluntarily dismissal without prejudice does not provide finality, because "there [is] nothing to stop [a plaintiff] from reinstating" that claim "down the line"). To create finality, the breach of contract claim would have to have been dismissed *with prejudice*. Then, the district court's dismissal of the negligence claim would become an appealable final judgment. *See Jones*, 103 F.4th at 994 (noting that a court has jurisdiction via manufactured finality if a party's dismissal prevents it "from bringing the claim[] again, no matter the outcome of the appeal").

6

In her supplemental brief on jurisdiction, Metz recognized the inadequacy of her voluntary dismissal to create a final judgment and accordingly made a representation in her supplemental brief that she "ha[d] abandoned the breach of contract claim, with no intent in resurrecting it, for purposes of litigating only her negligence claim." She also affirmed that this representation would bind her on remand.

We agree that Metz's representation is binding and that, with that representation, her voluntary dismissal of her breach of contract claim in Count I became effectively a dismissal *with prejudice*, so as to create a final judgment as to the order dismissing her negligence claim. In reaching this conclusion, we join the numerous courts that have reached a similar conclusion. *See, e.g.*, *Jewish People for the Betterment of Westhampton Beach v. Vill. of Westhampton Beach*, 778 F.3d 390, 394 (2d Cir. 2015) (jurisdiction where plaintiffs had dismissed remaining claim without prejudice but their appellate brief "disclaim[ed] any intent to revive the[] dismissed claim"); *Erie Cnty. Retirees Ass'n v. Cnty. of Erie*, 220 F.3d 193, 201–02 (3d Cir. 2000) (jurisdiction where party represented on appeal that they were "withdrawing with prejudice any . . . claim not disposed of by the district court's" summary-judgment order); *Wesco Ins. v. Roderick Linton Belfance, LLP*, 39 F.4th 326, 334 (6th Cir. 2022) (jurisdiction where plaintiff "clarified at oral argument that [he] intended to dismiss his []claims . . . with prejudice despite the dismissal order's failure to say so"); *India Breweries, Inc. v. Miller Brewing Co.*, 612 F.3d 651, 657–58 (7th Cir. 2010) (jurisdiction where party "managed to wedge through one of [finality's] narrowest holes by unequivocally dismissing its counterclaims with prejudice after we pressed the matter at oral argument"); *see also Sprint Nextel Corp. v. Wireless Buybacks*

*Holdings, LLC*, 938 F.3d 113, 123 (4th Cir. 2019) ("The parties may stipulate to issues or theories that they are electing not to pursue, provided that their stipulation remains binding on remand" (cleaned up)).

Our conclusion, moreover, was sealed during oral argument with the following exchange: Judge Niemeyer: "Can we agree that there's a stipulation that your dismissal was with prejudice?" Mr. Krone (on behalf of Metz): "Yes."

With the voluntary dismissal of Count I with prejudice, only Count II remains in this case, and therefore the district court's order dismissing Count II is final and appealable.

III

With respect to the negligence claim in Count II that the district court dismissed, Metz contends that the district court misapplied the law to her complaint. She argues that the complaint alleged that her landlord, McCarthy, hired a contractor to inspect the skylight and, together with the contractor, entered the leased premises to conduct an inspection. She contends further that McCarthy and the contractor "made a decision as to the timeline of when repairs would be completed," and that, from those allegations, it follows that McCarthy had "a duty to take reasonable care in making repairs," as inspection "is the first step of the repair in many circumstances." Thus, she argues, McCarthy failed in her duty of reasonable care by taking "no . . . intermediate actions before the completion of repairs, such as tarping the roof, or restricting the area," and by "select[ing] a timeline to finish repairs that was unreasonable," which led to Metz's injuries.

8

The district court, focusing only on the allegations in the complaint, as it was required to do in considering a motion to dismiss for failure to state a claim, concluded that the allegations had failed to state a claim. The court noted that under Virginia law, "a landlord has no duty of care to maintain or repair leased premises when the right of possession . . . has passed to the lessee," unless the landlord "enters the leased premises . . . for the purpose of making repairs" and fails to "use reasonable care in performing the work." The complaint, the court concluded, "provide[d] no allegations that [McCarthy] or the contractor had any intention to repair the skylight when they entered in the property . . . [n]or [were] there any allegations that [McCarthy] or the contractor took positive acts to begin repairing the skylight while on the premises." "Without more," the court concluded, it could not find that McCarthy "owed a duty of ordinary care to [Metz]." Accordingly, it dismissed the negligence count for failure to state a claim.

The district court's recitation of Virginia law is well supported. In Virginia, a landlord, with few exceptions that are not applicable here, does not have a common-law duty of care to maintain or repair a premises when the right of possession and enjoyment has passed to the lessee. *See, e.g.*, *Luedtke v. Phillips*, 56 S.E.2d 80, 82–83 (Va. 1949). This remains true even if a lease or a statute imposes on the landlord a covenant to maintain or repair the premises. *See Steward ex rel. Steward v. Holland Fam. Props., LLC*, 726 S.E.2d 251, 255 (Va. 2012). This is because, under Virginia law, a tenant "takes the premises in whatever condition they may be in, thus assuming all risk of personal injury from defects therein." *Tingler v. Graystone Homes, Inc.*, 834 S.E.2d 244, 262 (Va. 2019) (quoting *Luedtke*, 56 S.E.2d at 82). Under these principles, it is clear that McCarthy had

9

no tort duty to affirmatively maintain or repair the skylight while Metz occupied the residence.

Nonetheless, Virginia does recognize a common-law tort against a landlord who undertakes to make repairs and does so negligently. "A landlord who makes repairs to leased property has a common law duty not to make those repairs in a negligent manner and is liable for injuries sustained as a result of negligent repair." *Steward*, 726 S.E.2d. at 257. Thus, "if the landlord, after he has delivered possession to the tenant, enters to make repairs, whether voluntarily or by agreement, he must use reasonable care in making them." *Luedtke*, 56 S.E.2d at 83.

For Metz to have stated a claim, therefore, she must have alleged that McCarthy entered the residence to make repairs and then made the repairs in a negligent manner. We agree with the district court that Metz's complaint does not allege those facts.

First, the complaint does not allege that McCarthy entered the premises *for the purpose of making a repair*. Rather, it alleges only that Dennis Metz informed McCarthy that the skylight "appeared to . . . leak"; that "McCarthy sent a contractor to inspect the Skylight"; that "McCarthy was present" for the inspection; and that the contractor confirmed that the skylight was leaking and needed repair. These allegations do not support a plausible claim that McCarthy entered the premises *to make* repairs. Moreover, the complaint does not allege that repairs were ever undertaken, let alone that McCarthy or the contractor made repairs *with positive acts of negligence*. Yet, under Virginia law, a landlord can be held liable in tort only if "the landlord makes repairs to the leasehold premises and, in the process of doing so, creates a dangerous condition by 'a *positive act of negligence*

10

on its part.'" *Tingler*, 834 S.E.2d at 263 (emphasis added) (quoting *Luedtke*, 56 S.E.2d at 83); *see also, e.g.*, *Tugman v. Riverside & Dan River Cotton Mills*, 132 S.E. 179, 180 (Va. 1926). To create liability, the complaint would have to allege that McCarthy or the contractor performed *a positive act of negligence* while repairing the skylight. Yet, the complaint alleged only that the contractor inspected the skylight and acknowledged that it leaked and needed repair. Indeed, the complaint alleged that the skylight "remained unrepaired" as of the time when Metz slipped on the accumulation of water several months later.

It is telling that, when assessing tort liability in the landlord-tenant context, Virginia courts have emphasized "the distinction between nonfeasance and misfeasance"; a "landlord [can] be liable in tort [only] because of his affirmative wrong in creating a dangerous condition . . . in contrast to a mere failure to do something that one has originally promised to do." *Tingler*, 834 S.E.2d at 263 (cleaned up). Metz's complaint did not allege that McCarthy did anything to create the dangerous condition — here, the leak — that caused Metz's injuries. Indeed, it alleged only that McCarthy and the contractor inspected the skylight and acknowledged that it was leaking. While Metz might wish to seek recovery for McCarthy's *failure to repair* the skylight, tort liability in Virginia does not attach to such nonfeasance in the circumstances of a landlord-tenant relationship. *See id.*; *id.* at 257 ("[N]o tort duty arises simply because the landlord fails to make the contractually required repairs irrespective of the foreseeability of the harm to the tenant").

For these reasons, we affirm the district court's order dated July 25, 2024, dismissing Metz's negligence claim.

11

AFFIRMED