Present:  Kinser, C.J., Lemons, Millette, Mims, McClanahan and Powell, JJ., and Lacy, S.J.

DONTRAL STEWARD, AN INFANT,
WHO SUES THROUGH ROSA STEWARD,
HIS MOTHER AND NEXT FRIEND

v.  Record No. 110113                OPINION BY SENIOR JUSTICE
                                        ELIZABETH B. LACY
HOLLAND FAMILY PROPERTIES, LLC,            June 7, 2012
ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
William C. Andrews, Judge Designate

In this appeal we consider whether Holland Family Properties, LLC ("Holland") and Jean Cross ("Cross"), landlords subject to the Virginia Residential Landlord and Tenant Act, Code §§ 55-248.2 et seq. ("the VRLTA"), have a duty in tort to the tenants of leased properties to comply with building and housing codes concerning public health and safety.  For the reasons stated below, we conclude that a tort duty is not imposed on these landlords by the common law, the leases executed in this case, or the VRLTA.

BACKGROUND

Because the circuit court decided this case on demurrers, we recite properly pled facts as alleged in the amended complaint.  Yuzefovsky v. St. John's Wood Apts., 261 Va. 97, 102, 540 S.E.2d 134, 136 (2001).

In 1996, Rosa Steward leased a single-family home in Suffolk, Virginia, from Holland, the owner of the property.[1] Rosa's son, Dontral, was born June 7, 2000, and resided with Rosa at the home until December 2001.  During this time, Dontral was a frequent visitor to residential property leased to Robert L. and Bobbie A. Stevenson by Cross, the owner.  Lead paint was present on both the property owned by Holland and by Cross.  The lead paint was "cracking, scaling, chipping . . . and/or otherwise deteriorating."  As a result of his exposure to high levels of lead paint, Dontral suffered lead poisoning which caused severe and permanent physical and mental impairments and other damages.

Dontral Steward, through his mother and next friend, ("Steward") filed an amended complaint against Holland and Cross (collectively "the Landlords") seeking damages for his injuries alleged to have been caused by his exposure to lead paint. Steward claimed that the Landlords were liable for his injuries based on theories of negligence per se and common law negligence. The Landlords filed demurrers to both counts asserting that neither the leases attached to the amended complaint, nor the common law, nor any statute imposed a duty in tort on them upon which tort recovery could be based.

---

[1] The initial lease was executed by Hugh L. Holland, Jr., predecessor to Holland Family Properties, LLC.

Following argument of counsel, the circuit court granted the demurrers on both the negligence per se and common law negligence counts and dismissed the amended complaint. Steward filed this appeal challenging the circuit court's rulings on both counts.

DISCUSSION

The principles of appellate review applicable in this case are well established. A demurrer accepts as true all facts properly pled, as well as reasonable inferences from those facts. Abi-Najm v. Concord Condo., LLC, 280 Va. 350, 356-57, 699 S.E.2d 483, 486-87 (2010). The purpose of a demurrer is to determine whether the pleading and any proper attachments state a cause of action upon which relief can be given. Id. The decision whether to grant the demurrer is a question of law, which we review de novo. Id.

## I. Negligence Per Se

All negligence causes of action are based on allegations that a person having a duty of care to another person violated that duty of care through actions that were the proximate cause of injury to the other person. Balderson v. Robertson, 203 Va. 484, 487-88, 125 S.E.2d 180, 183 (1962). The standard of care required to comply with the duty of care may be established by the common law or by statute. However, a statute setting the standard of care does not create the duty of care. Williamson v. The Old Brogue, Inc., 232 Va. 350, 355, 350 S.E.2d 621, 624

3

(1986); Butler v. Frieden, 208 Va. 352, 353, 158 S.E.2d 121, 122 (1967); Smith v. Virginia Transit Co., 206 Va. 951, 957, 147 S.E.2d 110, 114-15 (1966).

When the standard of care is set by statute, an act which violates the statute is a per se violation of the standard of care. Schlimmer v. Poverty Hunt Club, 268 Va. 74, 78-79, 597 S.E.2d 43, 46 (2004). A cause of action based on such a statutory violation is designated a negligence per se cause of action and requires a showing that the tortfeasor had a duty of care to the plaintiff, the standard of care for that duty was set by statute, the tortfeasor engaged in acts that violated the standard of care set out in the statute, the statute was enacted for public health and safety reasons, the plaintiff was a member of the class protected by the statute, the injury was of the sort intended to be covered by the statute, and the violation of the statute was a proximate cause of the injury. McGuire v. Hodges, 273 Va. 199, 206, 639 S.E.2d 284, 288 (2007).

The issue in this case involves the threshold element of a negligence per se claim, that is, whether the Landlords have a

4

duty of care that would provide grounds for a claim upon which relief could be granted to Dontral.[2]

Under the common law, in the absence of fraud or concealment, a landlord has no duty of care to maintain or repair leased premises when the right of possession and enjoyment of the premises has passed to the lessee. That duty resides with the lessee under these circumstances and no action in tort can be sustained against the landlord for personal injuries resulting from the failure to maintain or repair the leased property. Caudill v. Gibson Fuel Co., 185 Va. 233, 239-41, 38 S.E.2d 465, 469 (1946). Steward asserts that this common law duty to maintain and repair the leased premises does not apply to the tenant in this case and that it has shifted to the Landlords for two reasons: (1) the Landlords agreed in the leases to comply with "all building and housing codes materially affecting health and safety" and (2) Code § 55-248.13, a part of the VRLTA, imposed a duty on the Landlords to comply with "building and housing codes materially affecting health and safety." The relevant building and housing code provisions that set the standard of care were the provisions of the National

_____

[2] Duties and liabilities of a landlord to invitees of a tenant, with respect to personal injuries, are ordinarily the same duties a landlord owes to the tenant. Oliver v. Cashin, 192 Va. 540, 543, 65 S.E.2d 571, 572 (1951). Invitees and guests "stand in the tenant's shoes." Id.

5

Property Maintenance Code of 1996 ("BOCA"), specifically the provision regarding lead paint.[3]  Because the Landlords failed to comply with the BOCA requirements, Steward asserts they violated both the Virginia Uniform Statewide Building Code, Code §§ 36-97 et seq. ("VUSBC"), and section 14-31 of the Suffolk City Code, and therefore were negligent per se.  We begin by addressing Steward's claim that the leases imposed on the Landlords a tort duty of care to comply with the building and housing codes.

## A.  The Leases

Steward asserts that under the leases the tenants did not acquire the right of possession and enjoyment of the premises, a precondition for the imposition of the common law duty of maintenance and repair on the lessee.  His position is based on the provisions in the leases in which the Landlords retained the right to enter the leased premises to inspect and make necessary repairs.  This right, however, is limited under the terms of the leases to entry only after the Landlords have given the tenants reasonable notice of the need to enter the leased property and

---

[3] At the time of the events underlying Steward's claims, PM-305.4 of BOCA required that

> Interior and exterior painted surfaces of dwellings, and child and day care facilities . . . which contain lead levels equal to or greater than 1.0 milligram per square centimeter or in excess of 0.50-percent lead by weight shall be maintained in a condition free from peeling, chipping and flaking paint or removed or covered in an approved manner.

entry for that purpose must be done at reasonable times.  This limited right of entry to repair does not displace a tenant's full right of possession and enjoyment of the premises because the tenant retains the ability to dictate when to admit the landlord to the premises.  These provisions are no different in kind than an agreement by the landlord to repair the premises. Such agreements do not alter the common law rule regarding a landlord's tort liability.  Caudill, 185 Va. at 240, 38 S.E.2d at 469.  Furthermore, the lease with Holland specifically states that "[l]andlord covenants for Tenant's quiet enjoyment of the Property during the Term of this Lease and of any renewals or extensions of such Term."  Thus, the leases do not support Steward's assertion that the tenants did not have a right of possession and enjoyment of the leased premises.

Steward also asserts that the language in Holland's lease in which the landlord "covenants that the Property shall comply with the requirements of building and housing codes materially affecting health and safety and applicable to the Property" shifted the duty to maintain and repair the property to Holland. A covenant to repair or otherwise maintain the premises in the possession of the lessee is a contractual term which gives rise only to an action for breach of contract, not a duty in tort. Isbell v. Commercial Inv. Assocs., Inc., 273 Va. 605, 614-15, 644 S.E.2d 72, 76-77 (2007); Luedtke v. Phillips, 190 Va. 207,

7

211, 56 S.E.2d 80, 82-83 (1949); Caudill, 185 Va. at 239-41, 38 S.E.2d at 469.

For these reasons, we reject Steward's claim that the terms of the leases abrogated the common law tort duty of repair and maintenance and placed the duty of repair and maintenance with the Landlords.

## B.  The VRLTA

Steward's second basis for asserting that the Landlords had a tort duty to maintain the properties in compliance with BOCA is that such duty was imposed on the Landlords by the VRLTA, in Code § 55-248.13(A)(1).  That subsection states that the landlord shall "[c]omply with the requirements of applicable building and housing codes materially affecting health and safety."  We have previously rejected this argument in Isbell, 273 Va. at 614-15, 644 S.E.2d at 76.

In Isbell, the tenant argued that the VRLTA "abrogated the common law and provided a statutory cause of action in tort allowing a tenant to recover damages for personal injuries sustained as a result of a landlord's violation of the statutory duties to '[c]omply with the requirements of applicable building and housing codes materially affecting health and safety'. . . ."  273 Va. at 612, 644 S.E.2d at 74.  In response to this argument we held that in enacting the VRLTA the General Assembly did not abrogate the common law rule that the landlord

8

is not liable in tort for failure to repair premises under the control of a tenant.  Id. at 614, 644 S.E.2d at 76.  Included in the factors we relied on in reaching this conclusion were the comments to the Uniform Residential Landlord and Tenant Act, which state that the counterpart to Code § 55-248.13(A)(1) "follows the warranty of habitability doctrine."  Id. at 615, 644 S.E.2d at 76.  That warranty is a contract duty, not a duty grounded in tort.  The unequivocal holding of Isbell is that the VRLTA imposed contractual duties on landlords but it did not impose a tort duty on landlords with regard to the responsibility to maintain and repair leased premises under the enjoyment and control of the lessee.  Id.  Therefore, the VRLTA provides no basis for a negligence per se claim.

Steward nevertheless argues that Isbell is distinguishable and does not resolve this case.  We find unpersuasive Steward's arguments in support of his position.  Steward asserts that the plaintiff in Isbell claimed a cause of action based on violation of the VRLTA, not a negligence per se action.  This is a distinction without a difference.  As recited above, to proceed with a negligence per se action, a plaintiff must first establish a duty based in tort.  In Isbell, this Court clearly rejected the proposition that the VRLTA abrogated the common law and created a tort duty on landlords subject to the VRLTA.  If

9

the duty was not created, it cannot supply the duty of care required for a negligence per se cause of action.

Steward next points to footnote 2 in Isbell, which states that the issue whether a "landlord's breach of statutory duties imposed by the [VRLTA could] form the basis of a common law claim for negligence per se" was not before the Court in the appeal. Id. at 611 n.2, 644 S.E.2d at 74 n.2. That footnote, however, does nothing more than say that a claim based on common law negligence per se is not addressed because such a claim was not part of the appeal. It does not state or imply that the holding of Isbell would not be applicable to a claim of common law negligence per se if that claim were before the Court. More importantly, Steward has not pled a claim of common law negligence per se here. His negligence per se claim is based on allegations of contractually assumed duties and statutorily imposed duties, not common law duties.

Finally, Steward argues that applying Isbell to conclude that the VRLTA does not provide the requisite statutory basis for his claim creates an inconsistency with prior cases setting out the elements of a negligence per se claim. Steward relies primarily upon McGuire and Kaltman v. All Am. Pest Control, Inc., 281 Va. 483, 706 S.E.2d 864 (2011), arguing that these cases stand for the proposition that the statutes at issue there provided the duty of care as well as the standard of care

10

applicable to the duty.  To be consistent with these cases, Steward asserts, requires the conclusion that the VRLTA establishes the requisite tort duty to support a negligence per se claim.  Steward's argument, in sum, is that McGuire and Kaltman reversed the long-standing rule that an applicable duty of care must be shown in a negligence case and created a new rule that a statute setting a standard of care also creates the duty of care.  We disagree.

Neither McGuire, nor Kaltman, nor any other case cited by Steward, stands for the legal proposition that Steward advances. The existence of a duty of care running from the tortfeasor to the injured party was not at issue in either McGuire or Kaltman. The statutes at issue in both cases set the standard of care for compliance with a duty of care the tortfeasors owed the injured party.

In McGuire, the property owner had a common law duty to maintain her premises, including the swimming pool on her property, safe for invitees.  The statute in question, section 616.9 of the National Building Code of 1984, and section 22-4 of the Botetourt County Code, established the standard of care for property owners with swimming pools on their property.  The property owner in McGuire was found negligent per se and liable in tort due to an injury proximately caused by her failure to comply with the standard of care established by the National

Building Code of 1984 and the county code, which required owners of property on which a swimming pool is located to erect and maintain a fence and self-latching gate of a certain height around the pool to make the body of water inaccessible from the outside of the gate to small children. Id. at 203, 639 S.E.2d at 286.

In Kaltman, as in this case, the trial court granted a demurrer to pleadings claiming causes of action based on negligence and negligence per se. In reversing the trial court's judgment, we held that a cause of action was sufficiently pled. The pleadings in that case included an allegation that the defendants had a common law duty to exercise the skill and diligence of a reasonably prudent pest control technician in the application of pesticides to the Kaltmans' home. The Kaltmans alleged that the defendants breached this duty by applying a pesticide that was inconsistent with its labeling in violation of former Code § 3.1-249.64(A)(1994). Kaltman, 281 Va. at 495-98, 706 S.E.2d at 871-73.

Finally, even if we were to accept Steward's position that the statutes setting the standard of care in McGuire and Kaltman also created the duty of care, which we do not, those cases would not require a similar finding in this case. As noted above, we have already held that the VRLTA does not create a duty of care based in tort on a landlord subject to the VRLTA.

As we said above, the lack of such a tort-based duty precludes a cause of action based on a violation of the VRLTA or on negligence per se.  To conclude otherwise, as Steward suggests, requires reversal of Isbell, and we decline that invitation.

For these reasons we conclude that the trial court did not err in holding that Count I of the amended complaint did not state a cause of action upon which recovery could be based.

## II.  Common Law Negligence

In Count II of his amended complaint, Steward asserts that the Landlords failed to inform or warn of the presence of lead paint, that the Landlords failed to use ordinary care in making repairs of the deteriorating lead paint, and failed to make reasonable inspections of the property.  A landlord who makes repairs to leased property has a common law duty not to make those repairs in a negligent manner and is liable for injuries sustained as a result of negligent repair.  Sales v. Kecoughtan Housing Co., 279 Va. 475, 479, 690 S.E.2d 91, 93-94 (2010)(citing cases).  See also Luedtke, 190 Va. at 212, 56 S.E.2d at 83.

The trial court found, and we agree, that there are no assertions or facts alleged in the amended complaint that any such repairs were ever undertaken by the Landlords.  The allegation that the Landlords were negligent in their repairs relative to lead paint is a legal conclusion.  Legal conclusions

13

are not taken as true in considering a demurrer.  Yuzefovsky, 261 Va. at 102, 540 S.E.2d at 137.  In the absence of any factual allegation that repairs were made, the amended complaint fails to state a cause of action for negligent repair.

The allegations that the Landlords failed to inform and warn the tenants of the existence of lead paint or deteriorating lead paint are also contradicted by the pleadings themselves. The leases attached to the amended complaint state that prior to entering the leases both tenants were told that lead paint might be on the leased premises and the tenants signed a statement indicating that they received this notification along with a pamphlet discussing the hazards of lead paint.  The amended complaint also recited that "[a]t all times material, the lead paint was cracking, scaling, chipping, peeling, loose and/or otherwise deteriorating, causing fragments, chips, flakes, dust and other types of residue" from the paint.  As the trial court held, these allegations establish that the existence of the lead paint was open and obvious and not a latent defect.

Based on the allegations in the amended complaint and the leases attached to it, the trial court did not err in holding that Count II of the amended complaint did not state a cause of action upon which recovery could be based.

14

CONCLUSION

For the reasons stated, we hold that the trial court did not err in sustaining the demurrers filed by the Landlords and dismissing Steward's amended complaint for failure to state a cause of action.  Accordingly, we will affirm the judgment of the trial court.

<u>Affirmed</u>.