# CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS

Laverne N. Tedders

v.

Bank of America, N.A.,
Federal Home Loan
Mortgage Corporation,
and Professional Foreclosure
Corporation of Virginia

February 4, 2015

Case No. CL14-114

By Judge Edward A. Robbins, Jr.

This matter came before the Court on December 22, 2014, on defendants Bank of America, N.A., and Federal Home Loan Mortgage Corporation's demurrer. Upon considering the complaint, written demurrer, memoranda of law, authorities submitted, and oral argument, the Court makes the following ruling.

### Procedural Background

On May 5, 2014, plaintiff filed a complaint against three defendants setting forth two counts and seeking both an equitable remedy and monetary damages. Count I of the complaint claims a "Breach of Provisions of the Note and Deed of Trust" based on Bank of America's failure to send a proper "30-day cure notice" to the plaintiff as required under paragraph

6(C) of the Note and paragraph 22 of the Deed of Trust. Count II of the complaint claims a "Breach of Implied Covenant of Good Faith and Fair Dealing" based on the same failure of Bank of America claimed in Count I. Plaintiff prays for an equitable remedy, rescission of the foreclosure of her home, as relief for Count I, and plaintiff prays for compensatory damages in the amount of $100,000 as relief under Counts I and II. On July 11, 2014, following an order allowing for an extension of time to respond, defendants Bank of America and Federal Home Loan Mortgage Corporation ("Freddie Mac") filed a demurrer as to Counts I and II and both prayers for relief.

### Factual Background

Plaintiff pleads that she and her late husband were owners of a home within the City of Colonial Heights. Plaintiff and her husband entered into a mortgage loan in which they were the borrowers and Bank of America was the lender. The loan was evidenced by a note and secured by a deed of trust, both dated February 26, 2007. Plaintiff's husband died, causing ownership of the home, subject to the lien, to vest in the plaintiff alone.

Paragraph 6(C) of the note provided:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

Paragraph 22 of the deed of trust provided, in pertinent part, that the lender "shall give notice to Borrower prior to acceleration . . . the notice shall specify . . . (c) a date, not less than 30 days from the date the notice is given to the Borrower, by which the default must be cured."

Bank of America sent to plaintiff, plaintiff's late husband, or both, documents purported to be 30-day cure notices complying with the above-referenced paragraphs. However, the notices did not comply because, it is alleged, each notice was backdated and gave plaintiff less than 30 days to cure.

Bank of America, after appointing Professional Foreclosure Corporation of Virginia ("PFC") as substitute trustee, instructed PFC to foreclose on the home. On June 14, 2012, PFC purported to conduct a foreclosure sale of the home in front of the courthouse of the City of Colonial Heights. At this foreclosure sale, Freddie Mac made the high bid of $55,000. Freddie Mac subsequently caused to be recorded in the public land records, a purported trustee's deed constituting transfer of title of the home from PFC to Freddie Mac. Freddie Mac filed an unlawful detainer action in the General District

Court of the City of Colonial Heights. That court granted possession of the home to Freddie Mac. Upon appeal of that decision, this Court entered a judgment awarding possession of the home to Freddie Mac.

### Standard of Review

It is well established that a demurrer tests whether a complaint states a sufficient basis to establish a cause of action for which relief can be granted. *Grossmann v. Saunders*, 237 Va. 113, 119, 376 S.E.2d 66, 69 (1989); *see* Va. Code Ann. § 8.01-273(A). A demurrer "accepts as true all facts properly pleaded, as well as reasonable inferences from those facts." *Steward v. Holland Family Props., L.L.C.*, 284 Va. 282, 286, 726 S.E.2d 251, 253 (2012).

> At the demurrer stage, it is not the function of the trial court to decide the merits of the allegations set forth in a complaint, but only to determine whether the factual allegations pleaded and the reasonable inferences drawn therefrom are sufficient to state a cause of action. *Riverview Farm Assocs. Va. Gen. P'ship v. Board of Supervisors of Charles City Cnty.*, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000). To survive a challenge by demurrer, a pleading must be made with "sufficient definiteness to enable the court to find the existence of a legal basis for its judgment." *Eagle Harbor, L.L.C. v. Isle of Wight*, 271 Va. 603, 611, 628 S.E.2d 298, 302 (2006) (internal quotation marks omitted).

*Squire v. Virginia Hous. Dev. Auth.*, 287 Va. 507, 514, 758 S.E.2d 55, 59 (2014) (quoting *Friends of the Rappahannock v. Caroline Cnty. Bd. of Supervisors*, 286 Va. 38, 44, 743 S.E.2d 132, 135 (2013)). In the event that a plaintiff's allegations, if true, are sufficient to state a cause of action, the demurrer should be overruled. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 29, 431 S.E.2d 277, 282 (1993).

### Demurrer as to Count I: Breach of Provisions of the Note and Deed of Trust

The demurrer as to Count I is overruled.

"A deed of trust is construed as a contract under Virginia law." *Mathews v. PHH Mortgage Corp.*, 283 Va. 723, 733, 724 S.E.2d 196, 200 (2012). "The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Squire*, 287 Va. at 517, 758 S.E.2d at 60 (citing *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004)).

*Squire v. Virginia Housing Development Authority* is dispositive. The mortgagor in *Squire* failed to make payments as required by the promissory note. The lender foreclosed on the home and sold it. Thereafter, the mortgagor filed a complaint alleging that the lender did not comply with the foreclosure provisions of the deed of trust. One of the terms in the deed of trust required the lender to have, or reasonably attempt to have, a face-to-face meeting with the mortgagor prior to foreclosure. The mortgagor pleaded that the lender breached the deed of trust by foreclosing before fulfilling this requirement and that the breach caused damages including: (1) loss of equity in home; (2) moving expenses; (3) monthly living expenses; and (4) negative impacts on her credit ratings. The lender demurred. The trial court found that "the plaintiff has not alleged she was ever ready and able to redeem the property or cure the default before the sale." *Squire,* 287 Va. at 513, 758 S.E.2d at 58. The trial court sustained the demurrer on the breach of deed of trust claim. The Supreme Court of Virginia found the trial court's ruling was error. The deed of trust, the Court held, "required VHDA to have or make reasonable efforts to arrange a face-to-face meeting with King as a condition precedent to foreclosure. VHDA did neither." *Id.* at 517, 758 S.E.2d at 60. The Supreme Court found that the "facts [King] pleaded and the damages she alleged from the failure to conduct a face-to-face meeting were sufficient to inform a defendant[s] of the nature and character of the claim. Thus, the trial court erred in sustaining the demurrer filed by VHDA as to King's breach of contract [deed of trust] claim . . . ." *Id.* at 518, 758 S.E.2d at 61 (internal quotations and citations omitted). The absence of an allegation by the mortgagor that he could have cured the default was not fatal to the breach of deed of trust claim.

In the instant case, plaintiff pleaded that Bank of America breached the deed of trust by foreclosing before fulfilling the notice requirement and alleged that said breach caused her to: (1) lose record title to the home; (2) forfeit substantial equity in the home; (3) suffer a damaged credit record, with economic loss to her; (4) pay substantial funds to retain legal counsel to oppose eviction; and (5) post substantial appeal bonds on appeal from the General District Court and this Court. (Pl's Compl., para. 36.)

For the purposes of the demurrer, it is taken as true that the notices sent by Bank of America to the plaintiff did not comply with the requirements of paragraph 6(c) of the note nor paragraph 22 of the deed of trust. This would constitute a breach by Bank of America under the note and the deed of trust. The Court finds that plaintiff has sufficiently informed defendant of the nature and character of her breach of the deed of trust claim.

### *Demurrer as to Count II: Breach of Implied Covenant of Good Faith and Fair Dealing*

The demurrer as to Count II is sustained.

As plaintiff's counsel has conceded, the Uniform Commercial Code does not apply to this action involving the creation or transfer of an interest in or lien on real estate. *See Greenwood Assocs., Inc. v. Crestar Bank,* 248 Va. 265, 270, 448 S.E.2d 399, 402 (1994). Plaintiff has instead proceeded under a theory of common law breach of the implied covenant. Virginia law recognizes an implied covenant of good faith and fair dealing in certain contracts. *Skillstorm, Inc. v. Elec. Data Sys., L.L.C.,* 666 F. Supp. 2d 610, 620 (E.D. Va. 2009) (citing *Ward's Equip. v. New Holland of N. Am.,* 254 Va. 379, 385, 493 S.E.2d 516, 520 (1997)). However, a failure to act in good faith does not amount to an independent tort but instead "gives rise only to a cause of action for breach of contract." *Charles E. Brauer Co. v. NationsBank of Va., N.A.,* 251 Va. 28, 33, 466 S.E.2d 382, 385 (1996). "When parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights . . . under either the common law or the Uniform Commercial Code." *Ward's Equip.,* 254 Va. at 385, 493 S.E.2d at 520. The duty of good faith does not prevent the exercise of contractual rights but rather limits the exercise of contractual discretion. *Virginia Vermiculite, Ltd. v. W. R. Grace & Co.,* 156 F.3d 535, 542 (4th Cir. 1998). Bank of America foreclosed on plaintiff's property under its contractual rights following the plaintiff's admitted default. Plaintiff's claim for breach of implied covenant of good faith and fair dealing fails.

### Demurrer as to Equitable Relief

The Court independently sustains the defendants' demurrer as to the prayer for equitable relief. Rescission is not an available remedy when the purported breach was immaterial. *See Allocca v. Allocca,* 23 Va. App. 571, 577, 478 S.E.2d 702, 705 (1996) (citing *Jennings v. Jennings,* 12 Va. App. 1187, 1199, 409 S.E.2d 8, 16 (1991)). "A material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Horton v. Horton,* 254 Va. 111, 115, 487 S.E.2d 200, 204 (1997). The essential purpose of a note and deed of trust is to secure the payment owed on a property. "Language about the timing of notice requirements was merely incidental to the fundamental obligation to pay for the realty described in the note and deed of trust." *Ruffin v. Bank of N.Y. Mellon,* No. 4:13cv6, 2013 U.S. Dist. LEXIS 189931 (E.D. Va. May 20, 2013). The contractual breach alleged in this matter is immaterial. The Court cannot grant equitable relief under such circumstances.

## *Conclusion*

Accordingly, for the reasons stated herein, The Court overrules defendants Bank of America, N.A., and Federal Home Loan Mortgage Corporation's demurrer as to Count I, excepting that portion which seeks an equitable remedy, which portion is sustained. The Court sustains defendants Bank of America, N.A., and Federal Home Loan Mortgage Corporation's demurrer as to Count II. The Court does not grant the plaintiff leave to amend.