**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1869**

MARCIA MOUTON SNELL,

Plaintiff – Appellant,

v.

REBECCA A. REID; BUFFY JO GUSTAFSON, a/k/a Buffy Jo Brown;
HASBROUCK REAL ESTATE CORPORATION,

Defendants – Appellees.

**No. 22-2258**

MARCIA MOUTON SNELL,

Plaintiff – Appellee,

v.

REBECCA A. REID,

Defendant – Appellant,

and

BUFFY JO GUSTAFSON, a/k/a Buffy Jo Brown; HASBROUCK REAL ESTATE
CORPORATION,

Defendants.

Appeals from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:21-cv-00024-NKM-JCH)

------

Submitted:  March 21, 2024                                                    Decided:  June 3, 2024

------

Before WILKINSON and BENAJMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

------

No. 22-1869, affirmed in part, vacated in part, and remanded; No. 22-2258, dismissed by unpublished per curiam opinion.

------

Marcia Mouton Snell, Appellant/Cross-Appellee Pro Se.  Rosalie Fessier, Brittany Elizabeth Shipley, TIMBERLAKE SMITH, Staunton, Virginia, for Appellees Buffy Jo Gustafson and Hasbrouck Real Estate Corporation.  Gary Robert Reinhardt, KALBAUGH, PFUND & MESSERSMITH, PC, Richmond, Virginia, for Appellee/Cross-Appellant Rebecca A. Reid.

------

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In No. 22-1869, Marcia Mouton Snell appeals the district court's order granting summary judgment to Buffy Jo Gustafson and Hasbrouck Real Estate Corporation (collectively, "the management defendants") on Snell's constructive fraud claim; granting in part Rebecca A. Reid's (collectively with Gustafson and Hasbrouck, "Defendants") motion for summary judgment as to Snell's claims of negligence and negligence per se; denying Snell's motion for partial summary judgment as to negligence per se; and denying Snell's motions for spoliation sanctions and to exclude Defendants' experts' testimony. Reid has filed a cross appeal, No. 22-2258, arguing the district court erred by denying her motion to dismiss Snell's complaint, by denying in part her motion for judgment as a matter of law, and in instructing the jury.[1]  For the following reasons, we dismiss Reid's cross appeal, vacate the district court's grant of summary judgment to the management defendants on Snell's constructive fraud claim, affirm the rest of the district court's judgment, and remand for further proceedings consistent with this opinion.

We "review[] a district court's grant of summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences

---

[1] Reid has filed two motions to dismiss No. 22-1869.  For reasons appearing to the court, we deny those motions.  Snell has also filed a suggestion of bankruptcy, arguing No. 22-2258 must be stayed pursuant to 11 U.S.C. § 362 because Snell filed a petition for Chapter 7 bankruptcy.  Because the proceedings below were not against Snell, that filing does not automatically stay these appeals. *See, e.g.*, *Farley v. Henson*, 2 F.3d 273, 275 (8th Cir. 1993) ("[W]hether a[n appeal] is subject to the automatic stay is determined from an examination of the debtor's status at the *initial* proceeding." (internal quotation marks omitted)).

therefrom in the light most favorable to the nonmoving party." *Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 378 (4th Cir. 2022) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party, and a fact is material if it might affect the outcome of the suit under the governing law." *Haze v. Harrison*, 961 F.3d 654, 658 (4th Cir. 2020) (cleaned up).

We discern no reversible error in the district court's grant of summary judgment to Reid on Snell's negligence claims. The decision of whether to excuse Reid's late-filed motion was within the district court's discretion, as was the decision of whether to allow Reid to adopt by reference the management defendants' arguments that were also applicable to Reid. The district court's conclusion that Snell could not bring claims in negligence against Defendants relating to repairs that occurred prior to Snell's tenancy is supported by Virginia law. *See, e.g.*, *Caudill v. Gibson Fuel Co.*, 38 S.E.2d 465, 469 (Va. 1946) ("Generally . . . , where complete possession is surrendered to the lessee, *no action of tort* can be maintained against the lessor *except for fraud or concealment*." (emphasis added) (internal quotation marks omitted)); *Williamson v. Wellman*, 158 S.E. 777, 779 (Va. 1931) (stating that when defect is "a part of the leased premises and passed by the lease to the complete control of the lessee . . . the landlord is *only* liable to the tenant or his guests for fraudulent concealment of known defects, or upon an agreement to repair" (emphasis added)). Although, as the district court acknowledged, Virginia law on this point is not crystal clear, Snell's claim that Defendants breached their duty to warn her of

4

an unsafe condition before her tenancy began appears to only be actionable as a claim of fraudulent concealment. Snell's assertion that Defendants had a duty to perform the relevant pre-tenancy repairs with reasonable care is contradicted by Virginia law. *See, e.g.*, *Bus. Bank v. F.W. Woolworth Co.*, 421 S.E.2d 425, 427 n.1 (Va. 1992) ("Under the common law, absent an express covenant to the contrary, a lessor generally is under no obligation to repair the premises and the lessee takes the premises as he finds them."). And Virginia law supports the district court's conclusion that Snell was required to establish a duty at common law to show Defendants were negligent per se. *Steward ex rel. Steward v. Holland Fam. Props., LLC*, 726 S.E.2d 251, 254, 256 (Va. 2012); *see also Tingler v. Graystone Homes, Inc.*, 834 S.E.2d 244, 261 n.18 (Va. 2019). The district court was empowered to resolve these purely legal questions on summary judgment. Accordingly, the district court did not err by granting summary judgment to Reid on these claims, nor by denying Snell's motion for partial summary judgment as to negligence per se.

Snell also challenges the grant of summary judgment to the management defendants on her constructive fraud claim. Virginia defines constructive fraud as "a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Jackson v. Seymour*, 71 S.E.2d 181, 185 (Va. 1952) (internal quotation marks omitted). In other words, "[t]he essence of constructive fraud is negligent misrepresentation." *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 507 S.E.2d 344, 347 (Va. 1998). "To prevail on a constructive fraud claim, a plaintiff must show by clear and convincing evidence that the defendant negligently or innocently made a false

5

representation of material fact, and that the plaintiff suffered damage as a result of [her] reliance upon that misrepresentation." *Supervalu, Inc. v. Johnson*, 666 S.E.2d 335, 341-42 (Va. 2008); *see also Nationwide Mut. Ins. Co. v. Hargraves*, 405 S.E.2d 848, 851 (Va. 1991) ("Constructive fraud differs from actual fraud in that the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently although resulting in damage to the one relying on it."). "The plaintiff must also show by clear and convincing evidence that one has represented as true what is really false, in such a way as to induce a reasonable person to believe it, with the intent that the person will act upon this representation." *Willner v. Dimon*. 849 F.3d 93, 112 (4th Cir. 2017) (internal quotation marks omitted).

Our review of the record reveals that the district court erred in granting summary judgment to the management defendants on this claim. The district court rejected Snell's constructive fraud claim against the management defendants due to those defendants' lack of involvement in or knowledge of the painting or repair of the subject stairs. However, Snell's constructive fraud claim against the management defendants centered around Gustafson's alleged statements during a pre-rental walkthrough that the subject stairs and railings were safe and structurally sound. For the purposes of the constructive fraud claim, it is irrelevant whether Gustafson knew those statements were false at the time she allegedly made them. *Packard Norfolk, Inc. v. Miller*, 95 S.E.2d 207, 210 (Va. 1956) ("It is sufficient that the statement is actually untrue, so as to mislead the party to whom it is made. The party making it need not know of its falsity, nor have any intent to deceive; nor does [her] mere belief in the truth make any difference." (internal quotation marks

6

omitted)).  Thus, the fact that the relevant painting and repair occurred before Gustafson became Reid's property manager does not affect whether Gustafson or Hasbrouck can be held liable for constructive fraud based on Gustafson's alleged statements to the Snell.  We therefore vacate the district court's order as to this claim.[2]

The question of whether to impose sanctions for spoliation "is governed by federal law." *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 449 (4th Cir. 2004).  We review for abuse of discretion a district court's decision to grant or deny a motion for spoliation sanctions.  *See Turner v. United States*, 736 F.3d 274, 281-82 (4th Cir. 2013).  "[T]he party disputing the district court's ruling[] bears the burden of establishing spoliation" and "must establish, inter alia, that the alleged spoliator had a duty to preserve material evidence." *Id.* at 282.  "Generally, it is the filing of a lawsuit that triggers the duty to preserve evidence." *Id.*  However, "[t]he duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001).

The district court did not abuse its discretion by denying Snell's motion for sanctions.  Although Snell's emails regarding the incident informed the management defendants that she had been injured and wanted the dangerous condition on the property rectified, the emails did nothing more than show "the mere existence of a potential claim

_____

[2] We express no opinion as to whether the management defendants could be entitled to summary judgment as to this claim on another basis.

7

or the distant possibility of litigation," which "does not trigger the duty to preserve." *Micron Tech., Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011) (internal quotation marks omitted); *cf. Turner*, 736 F.3d at 282 (finding no duty to preserve when plaintiff "did not send the [defendant] a document preservation letter, or any other correspondence threatening litigation"). Moreover, on the facts of this case, the mere notification by Snell, a residential tenant, to her landlord that she had suffered an injury did not place the management defendants on notice that litigation was reasonably foreseeable. Accordingly, we discern no abuse of discretion in the district court's denial of this motion.

As for Snell's other pretrial motions, we review for abuse of discretion a district court's finding on the admissibility of expert opinions, *T.H.E. Ins. Co. v. Davis*, 54 F.4th 805, 822 (4th Cir. 2022), and "will only overturn an evidentiary ruling that is arbitrary and irrational," *Gentry v. E. W. Partners Club Mgmt. Co.*, 816 F.3d 228, 239 (4th Cir. 2016) (internal quotation marks omitted). "[T]he admissibility of expert testimony in federal court sitting in the diversity jurisdiction is controlled by federal law." *Bryte ex rel. Bryte v. Am. Household, Inc.*, 429 F.3d 469, 476 (4th Cir. 2005) (citation omitted).

> Under the Federal Rules of Evidence,
>
> An expert witness must be qualified by "knowledge, skill, experience, training, or education" and may offer an expert opinion if (a) the testimony will assist the jury; "(b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

*Moore v. Equitrans, L.P.*, 27 F.4th 211, 223 (4th Cir. 2022) (quoting Fed. R. Evid. 702). Thus, before allowing an expert witness to testify, the district "court must ensure that an

8

expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Davis*, 54 F.4th at 822 (cleaned up).

"[W]hen a party challenges an opposing expert's testimony as irrelevant [or unreliable], the court must satisfy itself that the proffered testimony" meets the relevant standard as "a precondition to admissibility." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 282 (4th Cir. 2021) (cleaned up). And the district court must "make explicit findings, whether by written opinion or orally on the record, as to the challenged preconditions to admissibility." *Id.* at 283. "[A] district court abuses its discretion if it fails to ensure that a proffered expert opinion is sufficiently relevant and reliable when it is submitted to the jury." *Id.* at 282 (cleaned up).

Here, the district court did not explicitly assess the admissibility of the challenged expert reports. Although Snell's arguments regarding spoliation did not go to the relevance or reliability of the experts' testimony, her remaining arguments, particularly when liberally construed, raised questions about those issues. The district court therefore "abused its discretion initially when it failed to perform any *Daubert*[3] analysis and ruled that the issues of relevance and reliability impacted only the weight of the experts' testimony, not their admissibility." *Id.* at 281. Our review of the record, however, leads us to conclude that this error was harmless. *See id.* at 284-86 (discussing harmless error review of this issue).

---

[3] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Finally, Reid's cross appeal amounts to a request for "affirmance of the district court's judgment on an alternate ground." *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 155-56 (4th Cir. 2012).  Reid "was not adversely affected by [the] judgment in any way" and, through Snell's appeal, is "entitled to defend [her] victory on any basis supported by the record, even if some of [her] arguments involve an attack upon the reasoning of the lower court." *Harriman v. Associated Indus. Ins. Co.*, 91 F.4th 724, 728 (4th Cir. 2024) (internal quotation marks omitted).  Reid's cross appeal therefore "must be dismissed." *Id.* (internal quotation marks omitted).

Accordingly, we deny Reid's motions to dismiss No. 22-1869; dismiss No. 22-2258; and affirm in part, vacate in part, and remand for further proceedings consistent with this opinion in No. 22-1869.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 22-1869, AFFIRMED IN PART, VACATED IN PART, AND REMANDED;*
*No. 22-2258, DISMISSED*

10