COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, White and Frucci

CHRISTOPHER HERNDON AND
 STEPHANIE HERNDON, ADMINISTRATORS
 OF THE ESTATE OF MASON HERNDON

v.     Record No. 0101-24-3

AMBASSADOR INVESTMENT PROPERTIES, LLC

MEMORANDUM OPINION* BY
JUDGE KIMBERLEY SLAYTON WHITE
DECEMBER 10, 2024

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
David B. Carson, Judge

(Jane L. Ostdiek; Leon P. Ferrance, P.C., on briefs), for appellant.

(Guy M. Harbert, III; David R. Berry; Gentry Locke, on brief), for
appellee.

Christopher and Stephanie Herndon ("Herndons"), as administrators of the estate of

Mason Herndon ("Mason"), appeal the trial court's order sustaining a demurrer and dismissing

their wrongful death action against Ambassador Investment Properties ("Ambassador"). The

Herndons argue that the trial court erred because the amended complaint stated valid claims for

wrongful death and failure to return rent.[1] Finding no error, we affirm the trial court's judgment.

BACKGROUND

In reviewing a trial court's judgment sustaining a demurrer, "we 'accept as true all factual

allegations expressly pleaded in the complaint and interpret those allegations in the light most

favorable to the plaintiff.'" *Seymour v. Roanoke Cnty. Bd. of Supervisors*, 301 Va. 156, 164

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral
argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);
Rule 5A:27(a).

UNPUBLISHED

(2022) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)). "Furthermore, we draw any reasonable inferences arising from the express factual allegations of the complaint in the plaintiff's favor." *Id.* "Our recitation of the facts, of course, restates only factual allegations that, even if plausibly pleaded, are as yet wholly untested by the adversarial process." *A.H. ex rel. C.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 614 (2019).

In 2021, Ambassador purchased property at 3730 Greenland Avenue Northwest ("Property") in the City of Roanoke. The Property was built in 1959 and contained two separate residential units; Ambassador leased the upstairs portion, Unit B, to Mason. The amended complaint alleged that Ambassador provided smoke alarms and electrical appliances to Mason but that the smoke alarms did not function properly and the appliances were "not suitable" for the unit because they "used more electrical current" than the unit's defective electrical system could "safely supply," creating a risk of overheating. Although the amended complaint asserted that Ambassador "had actual knowledge that it had not adequately or reasonably assessed the condition and safety of the Property's electrical system," it did not allege that Ambassador knew of any electrical system deficiency. The amended complaint asserted that the faulty electrical system caused a fire that led to 21-year-old Mason's death by inhaling smoke.

The Herndons filed a wrongful death suit against Ambassador, alleging that it had a duty under the Virginia Residential Landlord and Tenant Act ("VRLTA") "to ensure that Unit B was safe and habitable." Ambassador demurred, asserting that the VRLTA does not create a cause of action in tort and that the complaint failed to state a claim against Ambassador. The trial court sustained the demurrer but granted the Herndons leave to amend.

In the amended complaint, the Herndons reasserted the wrongful death claim, along with claims that Ambassador violated the VRLTA by not returning Mason's deposit or his rent and for causing damage to his personal property. To support their wrongful death claim, the

Herndons cited to the VRLTA and the Virginia Maintenance Code ("VMC"), alleging that Ambassador "had the burden to repair" the electrical system. Ambassador again demurred, arguing that the amended complaint failed to plead that Ambassador was liable under the VRLTA and that Ambassador owed no duty in tort that could support a claim for wrongful death. The trial court sustained the demurrer and dismissed the suit with prejudice. The Herndons timely appeal that dismissal and assert that the amended complaint stated valid claims of wrongful death and failure to return rent under the VRLTA.

ANALYSIS

"A demurrer tests the legal sufficiency of the facts alleged in a complaint assuming that all facts alleged therein and all inferences fairly drawn from those facts are true." *Givago Growth, LLC v. iTech AG, LLC*, 300 Va. 260, 264 (2021). But we "do not accept the veracity of conclusions of law camouflaged as factual allegations or inferences." *Patterson v. City of Danville*, 301 Va. 181, 197 (2022) (quoting *Doe ex rel. Doe v. Baker*, 299 Va. 628, 641 (2021)). "We examine the circuit court's decision to sustain [a] demurrer under a de novo standard of review because it is a pure question of law." *Butler v. Stegmaier*, 77 Va. App. 115, 125 (2023) (alteration in original) (quoting *Wilburn v. Mangano*, 299 Va. 348, 353 (2020)).

*A. Duty of the Landlord*

The Herndons argue that Ambassador owed a duty of care to detect and repair the defective electrical wiring and smoke detector before leasing the apartment to Mason. They argue that the duty arose because the faulty materials were "outside of [Mason's] control," "not visible to him," and Ambassador had "much greater knowledge of the dangers that might be present" on the Property. They contend that Ambassador breached this duty, giving rise to a cause of action

preserved by the wrongful death statute.[2] But the common law does not impose a duty to repair on a landlord who has transferred control of the leased premises to the tenant, and the statutes cited by the Herndons do not abrogate this rule. Accordingly, we disagree.

"A landlord owes the duty to his tenants to exercise ordinary care and diligence to maintain in a reasonably safe condition areas over which he has control. However, a landlord is not an insurer of his tenant's safety." *Gulf Reston, Inc. v. Rogers*, 215 Va. 155, 157 (1974). "Under the common law, in the absence of fraud or concealment, a landlord has no duty of care to maintain or repair leased premises when the right of possession and enjoyment of the premises has passed to the lessee." *Steward v. Holland Fam. Props., LLC*, 284 Va. 282, 287 (2012). "That duty resides with the lessee under these circumstances and no action in tort can be sustained against the landlord for personal injuries resulting from the failure to maintain or repair the leased property." *Id.* (citing *Caudill v. Gibson Fuel Co.*, 185 Va. 233, 239-41 (1946)). "[A] lessee enjoys 'the right of possession and enjoyment of the lease premises' and, therefore, 'assum[es] all risk of personal injury from defects therein.'" *Haynes-Garrett v. Dunn*, 296 Va. 191, 201 (2018) (second alteration in original) (quoting *Isbell v. Com. Inv. Assocs.*, 273 Va. 605, 611 (2007)).

The amended complaint did not plead that Ambassador engaged in fraud or concealment when leasing the Property to Mason. Nor did it contain any allegation that Ambassador or any other person except Mason had "the right of possession and enjoyment of the lease premises." *See id.* (quoting *Isbell*, 273 Va. at 611). Thus, Mason "assum[ed] all risk of personal injury from defects therein." *See id.* (quoting *Isbell*, 273 Va. at 611).

---

[2] The Herndons' pleadings are unclear as to which cause or causes of action they assert to be the basis for the wrongful death claim. Appellant's opening brief incorporates the amended complaint's statement that "[h]ad Mason Herndon survived, . . . he would have been entitled to proceed in multiple causes of action against [Ambassador] to recover damages." The theory appears to be negligence, possibly based on negligence per se.

The Herndons dispute this conclusion. They point to the VRLTA and VMC to support their claim that Ambassador owed a duty in tort to repair the electrical defects in Mason's rental unit. But "in enacting the VRLTA the General Assembly did not abrogate the common law rule that the landlord is not liable in tort for failure to repair premises under the control of a tenant." *Steward*, 284 Va. at 289. This applies both to statutory duties to repair and requirements to comply with building codes under the VRLTA.[3] *Id.* at 289-90. The Herndons are unable to identify an underlying tort upon which to ground the wrongful death claim because the common law does not recognize a duty of repair under these circumstances. Consequently, we find no error in the trial court's determination that the Herndons' amended complaint failed to state a valid claim of wrongful death against Ambassador.

### B. Failure to Return Rent

The Herndons also argue that several statutes permit the recovery of all or part of the rent Mason paid to Ambassador. Each argument fails on its face because the amended complaint did not allege facts that could satisfy the statutes' requirements.

Under Code § 55.1-1234.1, if "a condition exists in a rental dwelling unit that constitutes a fire hazard or serious threat to the life, health, or safety of tenants or occupants of the premises," a tenant "shall be entitled to terminate the rental agreement and receive a full refund of all deposits and rent paid." The Herndons invoke this provision to support their claim that Ambassador was required to return all rent paid, plus the security deposit. But the Herndons fail to cite the full language of the statute, which also requires that "the tenant provide[] the landlord with written notice of his intent to terminate the rental agreement within seven days of the date on which possession of the dwelling unit was to have transferred to the tenant." Code

---

[3] The Herndons cite *MacCoy v. Colony House Builders*, 239 Va. 64 (1990), and *Va. Elec. & Power Co. v. Savoy Constr. Co.*, 224 Va. 36 (1982), to support their argument. Both cases involved contractors held liable for construction and so are inapposite to this case.

§ 55.1-1234.1(A). The amended complaint made no allegation that within seven days of his occupancy, Mason delivered a written notice of his intent to terminate the rental agreement. In fact, the amended complaint expressly pleaded that Mason was unaware of the electrical system defect. Thus, the provisions of Code § 55.1-1234.1 do not obligate Ambassador to return rent paid.

The Herndons also rely on Code § 55.1-1244, which permits relief for tenants "assert[ing] that there exists upon the leased premises a condition that constitutes a material noncompliance . . . [that] will constitute a fire hazard or serious threat to the life, health, or safety of occupants." But to request relief under that statute, "[t]he tenant may file such an assertion in a general district court." Code § 55.1-1244(A). The statute also requires the tenant to establish that "the landlord or his agent refused or, having a reasonable opportunity to do so, failed to remedy the condition." Code § 55.1-1244(B)(1). The amended complaint did not allege that Mason (or the Herndons) alerted Ambassador of the defect, that Ambassador refused to remedy any defect, or that Mason had filed any claim in the district court.[4] Under these circumstances, we find no error in the trial court's ruling that the amended complaint failed to state a claim that Ambassador owed the return of paid rent.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's decision to sustain the demurrer.

*Affirmed.*

---

[4] Similarly, Code § 55.1-1240 allows tenants to recover paid rent following a property fire, but the tenant must "vacat[e] the premises and within 14 days thereafter, serv[e] on the landlord a written notice of his intention to terminate the rental agreement." There is no allegation in the amended complaint that Mason vacated his unit of the Property or that he or any person on his behalf gave the required notice.