COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Ortiz and Friedman

ALEX MURPHY

                                                    MEMORANDUM OPINION*
v.        Record No. 1248-24-4                            PER CURIAM
                                                    SEPTEMBER 2, 2025

DAVID COMAN,
  IN HIS PERSONAL CAPACITY, ET AL.

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Martin Bass, Judge Designate

(Alex Murphy, on briefs), *pro se*.  Appellant submitting on briefs.

(Jennifer L. McGovern; Gregory M. Pelletier; Parrish Snead Franklin
Simpson, PLC, on brief), for appellee David Coman.  Appellee
David Coman submitting on brief.

(Jeremy D. Capps; Brian P. Ettari; Harman, Claytor, Corrigan &
Wellman, on brief), for appellee Jonathan Franklin.  Appellee
Jonathan Franklin submitting on brief.

Alex Murphy appeals the trial court's order sustaining David Coman's and Jonathan

Franklin's demurrers, granting their pleas in bar, and dismissing his suit.  Murphy argues that his

complaint sufficiently pleaded that Coman and Franklin owed him a duty in tort and that they

were not entitled to sovereign immunity.  We affirm the trial court's judgment.[1]

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] The parties waived oral argument in this case.  *See* Code § 17.1-403(ii) (permitting the
parties to waive argument).

BACKGROUND[2]

In December 2017, a school guidance counselor called Franklin, a Family Services Supervisor for the King George County Department of Social Services (the Department), and reported an allegation that Murphy, then age 14, had abused his 6-year-old sister. When he first interviewed Murphy's mother, Franklin did not disclose that he was conducting an investigation. After concluding his investigation, Franklin made a founded disposition of child abuse against Murphy. In April 2018, Murphy's mother, acting on Murphy's behalf because he was a minor, requested a copy of the Department's record against Murphy. Neither Murphy nor his mother received the full record until December 2022.

Murphy's mother appealed Franklin's decision by requesting an informal conference with Coman, the Department's Director. After hearing testimony, from Franklin and Murphy's mother, and reviewing the intake report, Coman upheld the disposition. Murphy appealed Coman's decision to the Commissioner of the Virginia Department of Social Services (DSS), which appointed a hearing officer. Like Coman, the hearing officer received testimony from Franklin and Murphy's mother. The hearing officer sustained Coman's decision. Murphy appealed that decision to the local circuit court, but the circuit court dismissed the case because the notice of appeal was filed late.

Murphy then sued Franklin in his individual capacity for negligence and gross negligence. Murphy alleged that Franklin had mishandled the investigation and misrepresented facts "with total disregard for the truth." Murphy sued Coman in his individual capacity for negligently supervising Franklin and for gross negligence for allegedly "conceal[ing] Franklin's

---

[2] When reviewing a trial court's judgment sustaining a demurrer, "we accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff." *A.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 613 (2019). "Our recitation of the facts, of course, restates only factual allegations that, even if plausibly pleaded, are as yet wholly untested by the adversarial process." *Id.* at 614.

fraudulent behavior" and lying to the hearing officer. Franklin and Coman both demurred, arguing that they owed Murphy no duty in tort which would support a negligence claim. They also pleaded that sovereign immunity barred Murphy's claims.

After a hearing, the trial court held that neither Franklin nor Coman owed Murphy a duty in tort as alleged in the complaint, so it sustained their demurrers. The trial court also found that Franklin and Coman were entitled to sovereign immunity, so it sustained the pleas in bar. The trial court then dismissed the case with prejudice. Murphy appeals.

ANALYSIS

"This Court reviews a circuit court's decision to sustain a demurrer de novo." *Givago Growth, LLC v. iTech AG, LLC*, 300 Va. 260, 264 (2021). "A demurrer tests the legal sufficiency of the facts alleged in a complaint assuming that all facts alleged therein and all inferences fairly drawn from those facts are true." *Id.* We further "interpret those allegations in the light most favorable to the plaintiff." *Taylor v. Aids-Hilfe Koln e.V.*, 301 Va. 352, 357 (2022) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)).

Mandated reporters like school counselors "shall report immediately any suspected abuse or neglect that they learn of in their professional or official capacity" to the local department of social services. 22 Va. Admin. Code § 40-705-40(A)(1) (2025); Code § 63.2-1509(A)(5). When a local department receives a valid report of child abuse or neglect, it must conduct an investigation or family assessment. 22 Va. Admin. Code § 40-705-40(I). After collecting and assessing information about the alleged abuse or neglect, the child protective services worker shall make either a founded or unfounded disposition. 22 Va. Admin. Code § 40-705-110(C). By finding the complaint against Murphy "founded," Franklin determined that "a review of the facts gathered as a result of [the] investigation show[ed] by a preponderance of the evidence that child abuse . . . occurred." 22 Va. Admin. Code § 40-705-10.

Under the governing statutory framework, the alleged abuser can appeal the child protective services worker's decision and require the local department to "conduct an informal conference in an effort to examine the local department's disposition." 22 Va. Admin. Code § 40-705-190(B). The local department's director presides over the conference and can sustain, amend, or reverse the founded disposition. 22 Va. Admin. Code § 40-705-190(G). After Murphy's mother appealed Franklin's determination, Coman presided over the conference and sustained the founded disposition.

In such circumstances, the alleged abuser can request that DSS hold an administrative hearing. 22 Va. Admin. Code § 40-705-190(H). The DSS Commissioner then designates a staff member to conduct the hearing. Code § 63.2-1526(B). The appellant can obtain a copy of the investigation record, be represented by counsel, depose a nonparty witness, and present testimony and other evidence. 22 Va. Admin. Code § 40-705-190(H)(5)-(7), (10). The local department has the burden to show that a preponderance of the evidence supports the founded disposition. 22 Va. Admin. Code § 40-705-190(H)(9). The hearing officer can sustain, amend, or reverse the local department's findings. 22 Va. Admin. Code § 40-705-190(I). In this case, DSS appointed a hearing officer, who conducted an administrative hearing, after which she sustained the local department's findings.

"As outlined in Code § 63.2-1526(B), the Administrative Process Act (APA), Code §§ 2.2-4000 to 2.2-4033, governs judicial review when DSS makes a disposition of founded child abuse." *Comm'r v. Fulton*, 55 Va. App. 69, 79 (2009). The APA permits those affected by a disposition of founded child abuse, like Murphy, to appeal that decision directly to the circuit court, and the circuit court's ruling can then be appealed to this Court. Code §§ 2.2-4026, 17.1-405(A)(1). Under Code § 2.2-4027, the burden is on the party challenging the agency action to demonstrate an error of law, which includes the failure to observe required procedure.

- 4 -

Thus, in APA appeals, the impacted party can argue to reverse the disposition based on the Department's failure to comply with "required procedure," including those established in Code §§ 63.2-1516.01 and -1526. *See, e.g.*, *Benedict-Miller v. Va. Dep't of Soc. Servs.*, 73 Va. App. 679, 686-87 (2021).

Murphy claims that Franklin and Coman violated Code § 63.2-1516.01, which requires local departments of child protective services to, "at the time of contact with the person subject to a child abuse and neglect investigation, advise such person of the complaints or allegations made against the person." Murphy also claims that Franklin and Coman violated Code § 63.2-1526, which states that "the local department shall provide the appellant all information used in making its determination" upon receiving a written request.

Citing these statutes, Murphy claims that Franklin and Coman owed him a duty in tort to inform him of the intake report's contents and provide him with a copy of the Department's record against him after he requested it. But a plaintiff cannot sue for negligence "until it is established that the [individual] who has been negligent owed some duty to the person who seeks to make him liable for his negligence." *Shoemaker v. Funkhouser*, 299 Va. 471, 477-78 (2021) (alteration in original) (quoting *Dudley v. Offender Aid & Restoration of Richmond, Inc.*, 241 Va. 270, 277 (1991)). To plead gross negligence, the complaint also must assert facts supporting "a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." *Commonwealth v. Giddens*, 295 Va. 607, 613 (2108) (quoting *Cowan v. Hospice Support Care, Inc.*, 268 Va. 482, 487 (2004)). "'[W]hether a legal duty in tort exists is a pure question of law' to be reviewed de novo." *Shoemaker*, 299 Va. at 478 (alteration in original) (quoting *Burns v. Gagnon*, 283 Va. 657, 668 (2012)).

The mere imposition of the aforementioned procedural requirements by Virginia's statutory framework does not, standing alone, give rise to a duty in tort sufficient to sustain a negligence action. Additionally, "in order to recover in tort, the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of [a] contract." *Tingler v. Graystone Homes, Inc.*, 298 Va. 63, 82 (2019) (*quoting MCR Fed., LLC v. JB&A, Inc.*, 294 Va. 446, 458 (2017)). "The law of torts provides redress only for the violation of certain common law and statutory duties involving the safety of persons and property, which are imposed to protect the broad interests of society." *MCR Fed., LLC*, 294 Va. at 457 (quoting *Filak v. George*, 267 Va. 612, 618 (2004)). Even if we assume that Code §§ 63.2-1516.01 and -1526 established a standard of care for Franklin and Coman's handling of Murphy's child abuse disposition,[3] "a statute setting the *standard* of care does not create the *duty* of care." *Steward v. Holland Fam. Props., LLC*, 284 Va. 282, 286 (2012) (emphasis added). Instead, violating a statutory requirement supports a negligence claim in tort only "*where there is a common-law cause of action.*" *A.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 630 (2019) (quoting *Parker v. Carilion Clinic*, 296 Va. 319, 345 (2018)). "The absence of an underlying common-law duty renders the presence of a statutory standard of care irrelevant." *Parker*, 296 Va. at 345.

Murphy's complaint identified no common law duty in *tort* that local child-protective services employees owe to notify alleged abusers of the charges against them or to provide copies of the records used to make a founded disposition. The only duties identified in the

---

[3] For a statute to set a standard of care, the plaintiff must show that the statute "was enacted for public health and safety reasons, the plaintiff was a member of the class protected by the statute, the injury was of the sort intended to be covered by the statute, and the violation of the statute was a proximate cause of the injury." *Steward v. Holland Fam. Props., LLC*, 284 Va. 282, 287 (2012). Murphy does not argue that the child abuse disposition statutes satisfy these conditions to qualify as a standard of care, and we need not decide that issue in this case.

complaint were statutory, which are insufficient to support Murphy's negligence claims. From our reading, Code §§ 63.2-1516.01, and -1526 do not explicitly establish a right of action for a tort duty. Similar statutes are interpreted as not creating new grounds for tort liability unless the legislature explicitly provides for such a remedy. For example, the Virginia Residential Landlord and Tenant Act (VRLTA) imposes duties on landlords regarding property maintenance, but that statutory duty does not create a duty in tort that would support a negligence action. *Steward*, 284 Va. at 289. Similarly, the Department's procedural obligations in a dispositional hearing are defined entirely by statute, and not an underlying duty of care giving rise to tort liability. Had those obligations not existed in the statute, the Department would owe Murphy no duty to provide the contested materials. Thus, the Department's statutory obligations are not duties in tort. *See id*. Without a common law basis establishing a duty in tort, Murphy's complaint failed to state a negligence claim.[4]  Code § 2.2-4027.

CONCLUSION

Murphy's attempted collateral attack on his dispositional hearing through a negligence lawsuit fails because the Department's employees did not owe him a duty *in tort*. Instead of a negligence suit, the APA provides Murphy his means to challenge the dispositional hearing for the alleged statutory violations. Thus, we affirm the circuit court's judgment.

*Affirmed.*

---

[4] "The doctrine of judicial restraint dictates that generally we decide cases 'on the best and narrowest grounds available.'" *Thomas v. Commonwealth*, 303 Va. 188, 198 (2024) (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010)). The demurrer resolves all of Murphy's claims, so we need not address sovereign immunity.